UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

GREAT NORTHERN INSURANCE )
COMPANY )
15 Mountain View Road )
Warren, New Jersey, )  **JURY TRIAL DEMANDED**
)
      Plaintiff, )
v. )  Civil Action No. _____
)
JOEL HIRSCH and CAROL HIRSCH, )
3115 Cleveland Avenue, N.W. )
Washington, D.C. )
)
      Defendants. )

---

## COMPLAINT

Plaintiff Great Northern Insurance Company ("Great Northern"), by its attorneys, Kornstein Veisz Wexler & Pollard, LLP and Ross, Dixon & Bell, LLP, for its complaint in the above-entitled action, alleges, with knowledge as to its own acts, and otherwise on information and belief, as follows:

### The Nature of This Action

1. This is an action to recover fraudulently induced payments which Great Northern made under a homeowner insurance policy for damage allegedly sustained by property owned by defendants Joel Hirsch and Carol Hirsch, his spouse, both of whom were insureds under the policy. To obtain those payments, Joel Hirsch ("Hirsch") fabricated documents and submitted them to Great Northern, made other material misrepresentations to Great Northern and concealed other material facts from Great Northern regarding the extent of the damage allegedly sustained by the defendants' property and the work necessary to repair the damage to their house.

2. For example, during October 2006, Hirsch submitted two documents to Great Northern to support his claim under his homeowner's policy for water damage sustained earlier that year. One document purported to be an estimate and invoice prepared by Stephen Frischling, Inc. for the value and repair of certain decorative doors ("the Frischling invoice"). The second document purported to be a proposal by Wentworth, Inc. to provide project management services, for a $10,000 fee, in connection with the repairs to the house ("the Wentworth proposal").

3. According to the sworn statements from the vendors, both documents were fabricated. Hirsch admits that he fabricated the Frischling invoice, and contends that he does not know the provenance of the Wentworth proposal.

4. By intentionally concealing and misrepresenting material facts relating to the claim under his homeowner's policy, and, separately, by engaging in fraudulent conduct regarding that claim, Hirsch voided the policy. As such, neither he nor defendant Carol Hirsch was entitled to any payment for their claim. Thus, Hirsch must repay the claim payment to Great Northern, plus interest from the date of payment; and Carol Hirsch must repay Great Northern the amount paid to settle the claim for alleged damage to her jointly and separately owned property in an amount to be proven at trial, plus interest from the date of payment.

**The Parties**

5. Great Northern is a corporation duly organized and existing under the laws of the State of Minnesota, with its principal place of business located at 15 Mountain View Road, Warren, New Jersey.

6. Defendants Joel Hirsch and Carol Hirsch are individuals who reside in the District of Columbia in a house located at 3115 Cleveland Avenue, N.W. Washington, D.C. ("the Hirsch

residence"), and who so resided in the District of Columbia at all relevant times.

7. Hirsch is a long-time insurance industry executive who has held significant senior management positions at a number of insurance and insurance brokerage companies.

### Jurisdiction and Venue

8. This Court has diversity jurisdiction pursuant to 28 U.S.C. §1332, as the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and the plaintiff is a citizen of a different state than any defendant. The Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

9. Venue is proper in this Court pursuant to 28 U.S.C. §1391(a) because defendants are residents of the judicial district in which the Court sits, because a substantial part of the events, acts or omissions giving rise to the claim occurred in the judicial district in which the Court sits, and because defendants are subject to personal jurisdiction in the judicial district in which this Court sits.

### The Policy

10. Great Northern issued a homeowner's insurance policy No. 11833276-02 to Joel Hirsch (the "Policy") providing insurance against all risk of physical loss for the premises known as 3115 Cleveland Avenue NW, Washington, D.C., and certain contents therein and certain other insurance as more fully stated by the Policy's terms, conditions and exclusions for the June 21, 2006 to June 21, 2007 term (the "2006-2007 Policy Period").

11. The Policy defines the insureds as "the person named in the Coverage Summary, and a spouse who lives with that person." In this case, that would be Joel Hirsch and Carol Hirsch, respectively.

12. The Policy also provides in relevant part:

    a. We agree to provide the insurance described in this policy in return for your premium and compliance with the policy conditions.

    b. The General Conditions section of the policy provides in relevant part:

Concealment or fraud

This policy is void if you or any covered person has intentionally concealed or misrepresented any material fact relating to this policy before or after a loss.

    c. That portion of the policy captioned "Your duties after a loss" provides in pertinent part:

        i. If you have a loss this policy may cover, you must perform these duties:

Prepare an inventory. You must prepare an inventory of damaged personal property, describing the property in full. It should show in detail the amount insured under this policy and actual amount of the loss. Attach bills, receipts, and other documents to support your inventory.

        ii. Proof of loss. At our request you must submit to us your signed sworn proof of loss on a form we have sent to you.

        iii. Examination under oath. We have the right to examine under oath as often as we may reasonably require you, family members and other members of your household and have them subscribe the same. We may also ask you to give us a signed description of the circumstances surrounding a loss and your interest in it, and to produce all records and documents we request and permit us to make copies.

### The 2006 Claim

13. On or about June 26, 2006, Joel Hirsch, on his and Carol Hirsch's behalf, notified Great Northern that, on June 25, 2006, a storm had caused water damage to the structure of their residence and certain of its contents, and made a claim under the Policy for the repair of the structural damage and for the replacement cost for damaged personal property (hereafter, "the 2006

4

Claim"). Rather than seek insurance coverage benefits for the true cost to repair and replace his and Carol Hirsch's property that had been damaged by the storm, Hirsch intentionally concealed and misrepresented material facts, and made false and fraudulent statements relating to the 2006 Claim, including, but not limited to, the scope of damage that had been sustained by covered property and the cost of repairs.

14. In support of the 2006 Claim, Hirsch submitted to Great Northern a series of invoices and estimates from contractors, consultants, and appraisers, schedules of damaged personal property and other documents and information. In doing so, Hirsch expressly and implicitly represented that these documents and information set forth the cost to repair the Hirsch residence and to repair and replace other property that was damaged by the storm on June 25, 2006.

15. Great Northern, in good faith and in reliance on the accuracy and integrity of these invoices, estimates, other documents and information, paid Hirsch $280,065.39 to settle the 2006 Claim. Included in the claim and claim payment were amounts for alleged damage to the jointly and separately owned property of Carol Hirsch.

16. Hirsch knew that certain of the invoices, estimates, and other documents and information were false and/or fabricated at the time he submitted them to Great Northern in support of the 2006 Claim.

17. On or about October 16, 2006, Hirsch sent by e-mail the Frischling invoice to Great Northern. That document purported to be a September 25, 2006 estimate and invoice by Stephen Frischling, Inc. for the repair and value of certain decorative doors that Hirsch contended had sustained water damage from the storm. According to the estimate, the doors as a set were worth at least $7,500, and repair of the damage to them would cost at least $10,000. The cost of this estimate

5

was $250.00. Hirsch sought coverage benefits for this aspect of his claimed loss.

18. Hirsch also submitted the Wentworth proposal at the same time. It purported to be an August 2, 2006 proposal by Wentworth, Inc. to provide architectural project management services, for a $10,000 fee, in connection with the repair of water damage to the Hirsch residence. Hirsch sought coverage for the fee amount, which he also represented had already been paid to Wentworth.

19. Both the Frischling invoice and the Wentworth proposal, however, were fabricated by Hirsch.

20. Steven Frischling, the principal of Steven Frischling, Inc., has stated under oath that the Frischling invoice was not prepared by him, or anyone employed by him, and that none of the valuation and cost opinions in it were supplied by him. Hirsch also has admitted that he had fabricated the Frischling invoice.

21. Bruce Wentworth, the principal of Wentworth, Inc., has stated under oath that the Wentworth proposal was not prepared by him, or anyone employed by him, and that he had never prepared any proposal for Joel and Carol Hirsch to provide project management services for the repair of their home. Wentworth also said that the letterhead used to create the Wentworth proposal did not appear to be his firm's letterhead.

22. When confronted with this, Hirsch first said that he did not remember creating the Wentworth proposal. When asked if it was possible that he created that document, Hirsch replied, "I don't know."

23. The Wentworth proposal and the Frischling invoice were not the only material misstatements and misrepresentations that Hirsch made to Great Northern in support of his 2006 Claim. He also submitted fraudulent billing documents for painting work that he had done, and

sought and collected an inflated amount for that work.

24.  Hirsch hired two painters to repair storm damage which allegedly had occurred to the interior of the Hirsch residence on June 25, 2006: Eight Brothers Company ("Eight Brothers") and Juenemann Painting ("Juenemann"). As part of his claim for loss, Hirsch sought payment of $18,675 for interior painting work allegedly done by Juenemann. To support this claim for coverage benefits, Hirsch submitted to Great Northern what purported to be Juenemann invoice No. 19362, dated July 25, 2006, in the amount of $6,650, and Juenemann invoice No. 19839, dated October 18, 2006, in the amount of $12,025 ("the Juenemann invoices").

25.  Great Northern, in reliance upon the purported genuineness of the Juenemann invoices, paid the total amount ($18,675) sought to Hirsch to settle that aspect of his claim. Juenemann's records and additional information supplied by a Juenemann representative, however, expose this aspect of Hirsch's claim as also fraudulent.

26.  Juenemann did both interior painting and exterior painting at the Hirsch residence. However, Hirsch's claim for storm damage did not include any claim for painting to the exterior of his residence, and Great Northern's claim payment did not cover any exterior painting work.

27.  Juenemann charged Hirsch a total of $11,701 for all of the painting work that it did. Only $9,846.00 of that amount (and not $18,675) was for interior painting. The Company also rendered five invoices for its work, three for interior painting and two for exterior painting. Although the Juenemann invoices (No. 19362 and No. 19839) that Hirsch submitted to Great Northern matched the numbers of two of the invoices actually rendered by Juenemann, the invoice amounts do not match the genuine Juenemann invoices. The genuine invoice No. 19362 was for exterior painting work and in the amount of $955, not $6,650 as Hirsch represented in the invoice he

submitted to Great Northern. The genuine invoice No. 19839 was for interior painting work and in the amount of $4,603, not $12,025 as Hirsch represented in the invoice he submitted to Great Northern.

28. Hirsch also billed Great Northern for the same work done by both Juenemann and Eight Brothers. Hirsch claimed that he was dissatisfied with the painting work that Eight Brothers had done in the master bedroom, a second floor bedroom and the living room. So, he hired Juenemann to redo this work, for which Great Northern also was billed. When confronted with these facts, Hirsch admitted that he was paid twice for the same work.

29. In connection with the 2006 Claim, Hirsch also sought payment for alleged damage sustained by Carol Hirsch's clothing, and Great Northern paid at least $12,630 for that aspect of the 2006 Claim. In addition, on information and belief, Carol Hirsch had an ownership interest in other personal property for which Great Northern paid claim benefits to settle the 2006 Claim.

30. On information and belief, Hirsch intentionally concealed and/or misrepresented additional material facts relating to the 2006 Claim.

31. Great Northern asked the Juenemann representative to provide copies of the invoices it had issued to Hirsch. The Juenemann representative informed Great Northern that he did not wish to provide further information without Hirsch's authorization. Hirsch, having learned of Great Northern's inquiry, directed Juenemann not to provide any documents to Great Northern.

32. By letters to defendants or their attorney dated December 28, 2007, January 9, 2007, January 23, 2007, January 30, 2007, February 8, 2007, February 23, 2007, March 14, 2007, April 7, 2007 and May 16, 2007, among others, Great Northern requested that defendants appear for examination under oath, produce records and documents relevant to Great Northern's investigation

of the 2006 Claim, authorize Great Northern to inspect and copy documents in the possession of third parties claimed by Hirsch to have provided services relevant to the 2006 Claim, and submit signed, sworn proofs of loss.

33.  Joel Hirsch and Carol Hirsch have failed and refused to produce the requested records and documents, to be examined under oath, to authorize Great Northern to inspect and copy documents in the possession of third parties, or to provide sworn proofs of loss.

34.  Rather, on information and belief, Joel Hirsch directed at least one contractor whose invoice he has submitted to Great Northern for payment not to provide any documents or other information to Great Northern.

35.  Defendants' failure and refusal to comply with Great Northern's requests for information has prevented Great Northern from fully investigating the 2006 Claim.

### COUNT I

#### By Operation of Its Terms, Insurance Contract Is Void
(Against All Defendants)

36.  Great Northern repeats and realleges each and every allegation contained in Paragraphs 1 through 35 above as if fully set forth herein.

37.  By intentionally concealing and/or misrepresenting material facts relating to the 2006 Claim, Hirsch rendered void the Policy issued by Great Northern for the 2006-2007 Policy Period.

38.  As a result, Great Northern has suffered damage, and is entitled to recover from:

   a.  Hirsch the entire amount paid to settle the 2006 Claim; and

   b.  Carol Hirsch the amount paid to settle the 2006 Claim for her jointly owned and separate property, the precise amount of which to be proven at trial.

9

## COUNT II

### Claim for Breach of Contract
(Against All Defendants)

39. Great Northern repeats and realleges each and every allegation contained in Paragraphs 1 through 35 above as if fully set forth herein.

40. Joel Hirsch and Carol Hirsch breached the 2006 Policy (the contract of insurance) by refusing to:

  a. be examined under oath;

  b. produce records and documents relevant to Great Northern's investigation of the 2006 Claim;

  c. allow Great Northern to inspect and copy documents in the possession of third parties which Hirsch contended had provided services in conjunction with the 2006 Claim; and/or

  d. submit signed, sworn proofs of loss for the 2006 Claim.

41. As a result of their breach, Great Northern has suffered damage, and is entitled to recover from:

  a. Hirsch the entire amount paid to settle the 2006 Claim; and

  b. Carol Hirsch the amount paid to settle the 2006 Claim for her jointly owned and separate property, the precise amount of which to be proven at trial.

## COUNT III

### Unjust Enrichment
(Against All Defendants)

42. Great Northern repeats and realleges each and every allegation contained in Paragraphs 1 through 35 above as if fully set forth herein.

43. Defendants have been unjustly enriched under the common law.

44. As a result, Great Northern has suffered damage, and is entitled to recover from:

   a. Hirsch the entire amount paid to settle the 2006 Claim; and

   b. Carol Hirsch the amount paid to settle the 2006 Claim for her jointly owned and separate property, the precise amount of which to be proven at trial.

## **RELIEF REQUESTED**

WHEREFORE, Great Northern demands judgment against defendants Joel Hirsch and Carol Hirsch, with respect to its First through Third Claims, for the following relief, jointly, severally, and, in the alternative, as follows:

1. Declaring that the Policy issued by Great Northern for the 2006-2007 Policy Period is void;

2. Declaring that Great Northern is not obligated to make any further payments to Joel Hirsch and Carol Hirsch on account of alleged loss with respect to the 2006 Claim;

3. Awarding compensatory damages in an amount to be proven at trial, plus interest, attorneys' fees and costs of suit; and

4. Awarding such other relief as the Court deems equitable and just.

## **JURY DEMAND**

Please take notice that Great Northern demands a trial by jury as to all issues in the instant matter.

Dated: New York, New York
October 5, 2007

KORNSTEIN VEISZ WEXLER & POLLARD, LLP

By: /s/ William B. Pollard, III
William B. Pollard, III (D.C. Bar No. 947275)
(application for membership to the bar of this Court to be submitted)
David T. McTaggart
(*pro hac vice* application to be submitted)
757 Third Avenue
New York, New York 10017
Telephone: 212-418-8600
E-mail: wpollard@kvwmail.com
      Dmctaggart@kvwmail.com

– and –

Dated: Washington, D.C.
October 5, 2007

ROSS, DIXON & BELL, LLP

By: /s/ Elizabeth Sarah Gere
Elizabeth Sarah Gere, Esq. (DC Bar No. 186585)
Karen Ventrell, Esq. (DC Bar No. 466150)
(application for membership in to the bar of this Court pending)
2001 K Street, N.W.
Washington, D.C. 20006-1040
Telephone: (202) 662-2000
E-mail: egere@rdblaw.com
      kventrell@rdblaw.com

*Attorneys for Plaintiff*
*Great Northern Insurance Company*

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
GREAT NORTHERN INSURANCE COMPANY

## DEFENDANTS
JOEL HIRSCH and CAROL HIRSCH

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Warren, NJ
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** District of Columbia
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Elizabeth Sarah Gere, Esq. (DC Bar No. 185585)
Karen Ventrell, Esq. (DC Bar No. 466150)
ROSS, DIXON & BELL, LLP
2001 K Street, N.W.
Washington, D.C. 20006-1040
Telephone: (202) 662-2000
William B. Pollard, III (D.C. Bar No. 947275)
David T. McTaggart (pro hac vice application to be submitted)
Kornstein Veisz Wexler & Pollard, LLP
757 Third Avenue
New York, New York 10017
(212) 418-8600

**ATTORNEYS (IF KNOWN)**

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ● 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ● 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ● 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)   OR   ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

|  ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☒ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

## V. ORIGIN

● 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

sec. 1332: contract claims that contract is void and defendants breached the contract; unjust enrichment claim.

## VII. REQUESTED IN COMPLAINT

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ in excess of $75,000   Check YES only if demanded in compl<br>JURY DEMAND:   YES ☒   NO ☐

## VIII. RELATED CASE(S) IF ANY

(See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE *October 5, 2007*   SIGNATURE OF ATTORNEY OF RECORD *[signature]*

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.