UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

-------------------------------------------------------------X
GREAT NORTHERN INSURANCE COMPANY, :
:
:
Plaintiff and Counter-Defendant, :
: Case No: 1:07-cv-01804-EGS
-against- :
:
JOEL HIRSCH and CAROL HIRSCH, :
:
Defendants and Counter-Plaintiffs. :
-------------------------------------------------------------X

## JOINT RULE 16.3 REPORT

Pursuant to Local Rule 16.3, to Fed. R. Civ. P. 26(f), and this Court's Order of November 29, 2007, Plaintiff and Counter-Defendant Great Northern Insurance Company ("Great Northern") and Defendants and Counter-Plaintiffs Joel and Carol Hirsch (the "Hirsches") hereby submit their Joint Rule 16.3 Report. During the week of January 7, 2008, counsel for the parties communicated via telephone and electronic mail to confer regarding scheduling and case management issues in this matter. During these discussions, the parties reached a number of agreements, subject to the approval of the Court, concerning the scheduling of this case. For the Court's convenience, this Joint Report follows the numbering and topics of Local Rule 16.3.

1.   Great Northern believes that the case can be resolved by dispositive motions, and it intends to file such motions at the appropriate time. The Hirsches do not believe that such motions will dispose of the case.

2172088MOTDTM.00003 - WORD           1

      a.      The Hirsches believe that if any motion to dismiss addressed to Defendants' Counterclaim is filed with the Court, the discovery period should not begin until after any such motion is resolved and the pleadings have closed.

      b.      Great Northern believes that discovery should not be delayed or stayed if its moves to dismiss the Counterclaim.

      c.      The parties agree that discovery should not be stayed in the event a motion for summary judgment is filed prior to the close of discovery.

2.      The parties agree that the deadline to amend the pleadings should be July 31, 2008. The parties believe that there may be a basis to narrow some factual or legal issues. They have agreed to explore doing so in good faith as the discovery process goes forward.

3.      At this time, the parties do not request that the case be assigned for trial or any other purposes to a Magistrate Judge.

4.      The parties have discussed settlement on several occasions, and they expect that they will continue to do so, but, at this time, it is unclear whether there is a realistic possibility of settling the case.

5.      Great Northern does not believe that mediation at this time would facilitate a resolution of the dispute. The Hirsches, however, believe that the case could benefit from the Court's alternative dispute resolution procedures and remain open to the possibility of mediation.

6.      Great Northern believes that this case can be decided by summary judgment, and it intends to file such a motion once the record has been sufficiently developed to support such a motion. The Hirsches do not believe that this case can be resolved by summary judgment or

motion to dismiss. The parties agree that, if a motion for summary judgment is made while discovery is open, then a briefing schedule should be established at that time. Once discovery closes, any motion should be made within 30 days after that deadline, with 30 days for opposition papers, and 14 days for reply papers.

7.  The Hirsches believe that the Rule 26(a)(1) Initial Disclosures are unnecessary and propose that the parties dispense with them. Great Northern believes that the Rule 26(a)(1) Initial Disclosures should go forward and does not consent to any changes in scope, form, or timing of that disclosure.

8.  The parties have not reached an agreement on discovery deadlines, and disagree on whether discovery should be stayed if Great Northern makes a motion to dismiss the Hirsches' Counterclaims.

   a.  Great Northern has proposed the following discovery schedule, regardless of whether it makes any motion to dismiss the Hirsches' Counterclaim:

| | |
|---|---|
| February 29, 2008 | Last date for service of initial document demands and interrogatories |
| June 2, 2008 | Initial expert disclosure |
| July 1, 2008 | Expert reports |
| August 1, 2008 | Answering expert reports |
| September 30, 2008 | Close of all discovery |

   b.  The Hirsches believe that if Great Northern files a motion to dismiss the Hirsches' Counterclaim and that motion remains pending as of February 29, 2008,

discovery should be stayed until the motion is resolved and the pleadings have closed. At such time, the parties would confer and set a discovery schedule. If Great Northern does not file a motion to dismiss the Hirsches' Counterclaim, or if Great Northern does file such a motion and that motion has been resolved, and the pleadings have closed as of February 29, 2008, the Hirsches agree to Great Northern's proposed discovery schedule.

  c. The parties agree that they will adhere to the limitations on depositions and interrogatories set forth in Rules 30 and 33 of the Federal Rules of Civil Procedure, but remain willing to discuss this matter based upon a change of circumstances in the case.

9. The parties have agreed to (a) disclose on or before June 2, 2008 the name of any affirmative expert witness, his or her *curriculum vita* and the subject of his or her expert testimony; (b) serve affirmative expert reports on or before July 1, 2008, and (c) serve any rebuttal expert reports on or before August 1, 2008. Depositions of any such experts should take place prior to the close of discovery.

10. The class action provision of Local Rule 16.3 does not apply to this case.

11. The parties do not request bifurcation of discovery or trial.

12. The parties agree that, if discovery closes on September 30, 2008, and if no motion for summary judgment is pending by October 30, 2008, then they request that the pre-trial conference take place in mid-December, 2008. The parties further agree, however, that, if a dispositive motion is pending as of October 30, 2008, then they request that a pre-trial conference take place no less than 30 days after the Court has entered a decision on the dispositive motion.

In all events, the parties request that the final pre-trial conference occur at least 45 days before trial.

14. Unless there is a dispositive motion pending as of October 30, 2008, the parties request that a trial date be set on or after January 22, 2009. If a dispositive motion is pending as of October 30, 2008, however, then the parties request that a trial date be set during the pre-trial conference to be held after a decision on such motion.

15. The parties have discussed electronic discovery, and the method in which to exchange documents that are stored in an electronic format. No agreement has been reached on this topic. The parties have agreed to continue discussing this matter and to achieve a fair and cost-effective resolution prior to exchanging responsive documents.

Respectfully submitted,

/s/William B. Pollard, III   1/18/08
William B. Pollard, III
D.C. Bar No. 947275
David T. McTaggart (*pro hac vice*)
KORNSTEIN VEISZ WEXLER
& POLLARD, LLP
757 Third Avenue
New York, NY 10017
(212) 418-8600

Karen Ventrell
D.C. Bar No. 466150
ROSS, DIXON & BELL, LLP
2001 K Street, NW
Washington, DC 20006
(202) 662-2000
*Attorneys for Plaintiff/Counter-Defendant*
*Great Northern Insurance Co.*

<u>/s/Lorelie S. Masters</u>        1/18/08
Lorelie S. Masters
D.C. Bar No. 358686
Jessica Ring Amunson
D.C. Bar No. 497223
JENNER & BLOCK, LLP
601 13th Street, NW, Suite 1200
Washington, DC 20005
(202) 639-6000

***Attorneys for Defendants/ Counter-Plaintiffs Joel and Carol Hirsch***