UNITED STATES DISTRICT COURT
THE DISTRICT OF COLUMBIA
-------------------------------------------------------------X
GREAT NORTHERN INSURANCE COMPANY,   :
                                    :
                                    :
        Plaintiff and Counter-Defendant,  :
                                    :     Case No: 1:07-cv-01804-EGS
        -against-                   :
                                    :
JOEL HIRSCH and CAROL HIRSCH,       :
                                    :
        Defendants and Counter-Plaintiffs.  :
-------------------------------------------------------------X

## GREAT NORTHERN'S MOTION TO COMPEL DISCLOSURE

Plaintiff/Counter-Defendant Great Northern Insurance Company, by their undersigned counsel, hereby moves, pursuant to Rules 26(a)(1)(C) and 37(a)(3)(A) of the Federal Rules of Civil Procedure, for an order compelling Defendant/Counter-Plaintiffs Joel and Carol Hirsch to serve initial disclosures as required by Rule 26(a)(1) and Local Rule 26.2(a). In support of this motion, Great Northern certifies that it has, in good faith, conferred with counsel for the Hirsches via e-mail regarding this dispute, but that the parties have not been able to resolve it. Therefore, it is necessary for the Court to decide this motion.

### Background

Plaintiff Great Northern Insurance Company ("Great Northern") has sued the defendants Joel Hirsch and Carol Hirsch (collectively, the "Hirsches") to recover $280,065.39 that it advanced to them toward settlement of a claim they made under a homeowner's insurance policy for alleged damage to property that they, jointly or separately, owned. To support their claim, Joel Hirsch submitted a number of fictitious documents that he created, and sought and obtained payment twice for the same work through deception. This wrongful conduct voided the Hirsches' Great Northern

2172088MOTDTM.00004.wpd

insurance policy under its express terms, nullifying any coverage for the Hirsches' alleged loss. They are now obligated to return the money that Great Northern had previously paid them toward the settlement of their claim.

The evidence of this wrongful conduct is strong. Before suit was filed, two vendors said under oath that the invoices or other documents that Joel Hirsch supplied Great Northern on their letterhead or billhead were not prepared by them and were forgeries. Joel Hirsch also admitted in a recorded statement that he created at least one of these documents. The invoices of a third vendor that Hirsch submitted to Great Northern were altered to obtain fraudulently inflated claim payments, as comparison to the invoices that the vendor actually rendered makes unequivocally clear.

In response to the highly detailed allegations in the Complaint, the Hirsches filed counterclaims alleging, in essence, that Great Northern had no right to investigate the wrongful conduct that underlies the Complaint, that, in doing so, Great Northern breached the policy and breached a fiduciary duty allegedly owed them, and that Great Northern's conduct amounted to an intentional infliction of emotional distress. Great Northern has moved to dismiss these meritless counterclaims.

As directed by this Court's Order of November 29, 2007, the counsel for the parties communicated via telephone and electronic communications during the week of January 7, 2008 to discuss a proposed discovery plan. Counsel continued to communicate the following week in order to finalize their Joint Rule 16.3 Report, which they filed with the Court on January 18.

During the first of these communications, counsel briefly discussed their initial disclosure obligations. While LCvR 16.3(c)(7) contemplates the possibility that the parties "stipulate to dispense with the initial disclosures required by Rule 26(a)(1)," counsel for Great Northern indicated

that it did not believe that the parties should so stipulate. Counsel for the Hirsches suggested that the Rule 26(a)(1) disclosure requirement may not be necessary because of the size of the case, but did not say that they objected to the discovery.

Ultimately, the Hirsches said in the Joint Rule 16.3 Report submitted to the Court that they "believe that the Rule 26(a)(1) Initial Disclosures are unnecessary and propose that the parties dispense with them." Great Northern rejected that proposal and said in the report that it "does not consent" to any such deviations from the Rule. A copy of the parties' joint discovery report (D.E. 13) is attached hereto as Exhibit A.

On January 31, 2008, Great Northern timely served its initial disclosures on the Hirsches. The following day, February 1, the Hirsches told Great Northern that they had "objected to providing the Rule 26(a)(1) initial disclosures in the Rule 26(f) plan submitted to the Court. Therefore, the Hirsches will not be providing such disclosures unless and until they are ordered by the Court in its scheduling conference or order." Again, no reason for refusing to supply this discovery was provided. A copy of the February 1, 2008 e-mail from the Hirsches' counsel is annexed hereto as Exhibit B.

Assuming *arguendo* that the Hirsches' statement in the discovery plan can be read as an "objection," there is no reason to allow the Hirsches to avoid disclosing the existence of witnesses and documents that may be relevant to Great Northern's claims or the Hirsches' counterclaims in this action. In addition, the statement that the Hirsches included in the discovery plan is not an objection. Among other things, it does not provide the Court with the basis of the purported objection, which would allow the Court to rule upon it. For either or both these reasons, the Hirsches are required to provide Rule 26(a)(1) disclosure at this time.

3

## Argument

Rule 26(a)(1) requires parties to serve their initial disclosures 14 days after the Rule 26(f) conference. Fed. R. Civ. P. 26(a)(1)(C); *accord* LCvR 26.2(a). The purpose and scope for such disclosures recently was summarized in *Sender v. Mann*, 225 F.R.D. 645, 650 (D. Colo. 2004):

> Rule 26(a)(1) disclosures are designed to accelerate the exchange of basic information and "help focus the discovery that is needed, and facilitate preparation for trial or settlement." See Advisory Committee Notes to 1993 Amendments to Fed. R. Civ. P. 26(a). Initial disclosures should provide the parties "with information essential to the proper litigation of all relevant facts, to eliminat[e] surprise, and to promot[e] settlement." *Windom v. FM Industries, Inc.*, 2003 WL 21939033 (D. Neb. 2003) (*quoting Rolscreen Co. v. Pella Prods. of St. Louis, Inc.*, 145 F.R.D. 92, 94 (S.D. Iowa 1992)). *See also City and County of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 221 (N.D. Cal. 2003) (noting that Rule 26(a) seeks to "'accelerate the exchange of basic information' that is 'needed in most cases to prepare for trial or make an informed decision about settlement'"). To that end, initial disclosures should be "complete and detailed," and should "give the opposing party information as to the identification and location of persons with knowledge so that they can be contacted in connection with the litigation." *Crouse Cartage Co. v. National Warehouse Investment Co.*, 2003 WL 23142182 (S.D.Ind.2003) (*quoting Biltrite Corp. v. World Road Markings, Inc.*, 202 F.R.D. 359, 362 (D.Mass.2001)).

Great Northern has made its initial disclosure, naming potential witnesses and identifying potentially relevant documents regarding its claims. Thus, defendants have been enabled to efficiently use discovery to prepare both their defense and their prosecution of their counterclaims. By their refusal to provide reciprocal discovery, defendants have denied Great Northern basic information that will help focus its discovery and facilitate its preparation for trial. Thus, defendants have made it clear that they intend to litigate by surprise.

For example, defendants know that Great Northern intends to make an early motion for summary judgment. Yet, or more likely because of this, defendants seek to conceal potential witnesses that they might use to oppose that motion or call at trial, and further conceal other witnesses who could readily rebut meritless allegations in their counterclaims, such as health care professionals who, Great Northern believes, would quickly put to rest the "medical issue" allegations regarding the claim for intentional infliction of emotional distress. This, of course, defeats the very purpose of initial disclosure, which is to point the parties in the right direction to efficiently obtain relevant discovery at the initial stages of a case, and the Court should not allow defendants to do this.

A separate reason compelling the Hirsches to provide initial disclosure is that they did not object to so doing as required by Rule 26(a)(1). A party is not excused from its mandatory disclosure obligations under that rule unless it both (1) "objects during the [discovery] conference that initial disclosures are not appropriate in the circumstances of the action"; and (2) "states the objection in the Rule 26(f) discovery plan," *id.*, so that the Court may rule upon the objection. The Hirsches, here, have done neither. During the conference, defendants only proposed that the parties stipulate away their obligations, and then advised the Court in the discovery plan report of its proposal after Great Northern rejected it.

Merely stating a "belief" that this discovery obligation is "unnecessary" does not an objection make. Rather, an objection is "an adverse reason or argument"; it must set forth "a reason for objecting or opposing." *Black's Law Dictionary* 1073 (6th ed. 1990). *See, e.g., Meijer, Inc. v. Warner Chilcott Holdings Co., III*, 245 F.R.D. 26, 30 (D.D.C. 2007) (stating general rule that "the party objecting to discovery requests must justify its objections by explaining them in detail as opposed to relying on general assertions"); *see also* Fed. R. Civ. P. 26(a)(1) Advisory Committee

Notes, 2000 Amendments (an objection requires a party to "present to the court its position that disclosure would be 'inappropriate in the circumstances of the action.'").

The reason for this is simple. Without an articulated basis for the objection, the adverse party cannot frame a response and the Court has nothing to adjudicate. Here, the Hirsches have never presented any "position" to the Court or Great Northern that complying with the initial disclosure obligation might be "inappropriate" or is "unnecessary." Thus, the Hirsches have failed to "object" to providing Rule 26(a) initial discovery, and are in breach of their initial disclosure obligation. Further, by failing to make clear any intention to object during the Rule 26(f) conference or in the discovery plan report submitted to the Court, the Hirsches precluded Great Northern from putting its opposing reasons before the Court in the Plan. This would have allowed the Court to rule on the objection, and, further, would have obviated the need for this motion.

Defendants' failure to abide their disclosure obligations forced Great Northern to make this motion, and warrants requiring them to pay the costs, including attorneys' fees, that Great Northern has incurred in moving to compel initial disclosure. *See Myrdal v. Dist. of Columbia*, No. 05-02351 (RCL), 2007 WL 1655875 (D.D.C. June 7, 2007); *accord* Fed. R. Civ. P. 37(a)(3)(A). *See also, e.g., Sender*, 225 F.R.D. at 650 ("Counsel who make the mistake of treating Rule 26(a)(1) disclosures as a technical formality, rather than as an efficient start to discovery, do their clients no service and necessarily risk the imposition of sanctions.").

For the reasons stated above, Great Northern respectfully requests that the Court issue an Order:

    a.    compelling the Hirsches to file their initial disclosures as required by Fed. R. Civ. P. 26(a)(1) and LCvR 26.2(a) within five (5) days of the entry of a compulsion order; and

    b.    awarding Great Northern the reasonable costs, including attorneys' fees, incurred in filing this motion.

Dated: February 12, 2008

Respectfully submitted,

KORNSTEIN VEISZ WEXLER & POLLARD, LLP

By: /s/ William B. Pollard, III
William B. Pollard, III
D.C. Bar No. 947275
David T. McTaggart (*pro hac vice*)
757 Third Avenue
New York, NY 10017
(212) 418-8600

-- and --

Karen Ventrell
D.C. Bar No. 466150
ROSS, DIXON & BELL, LLP
2001 K Street, NW
Washington, DC 20006
(202) 662-2000

*Attorneys for Plaintiff/Counter-Defendant,*
*Great Northern Insurance Co.*

UNITED STATES DISTRICT COURT
THE DISTRICT OF COLUMBIA
-----------------------------------------------------------------X
GREAT NORTHERN INSURANCE COMPANY, :
:
:
       Plaintiff and Counter-Defendant, :
                                             : Case No: 1:07-cv-01804-EGS
       -against- :
:
JOEL HIRSCH and CAROL HIRSCH, :
:
       Defendants and Counter-Plaintiffs. :
-----------------------------------------------------------------X

### [PROPOSED] ORDER GRANTING MOTION TO COMPEL DISCLOSURE

Plaintiff/Counter-Defendant Great Northern's Motion to Compel Disclosure having come before the Court and the Court having considered same, it is hereby

ORDERED that the Motion to Compel be, and hereby is, GRANTED;

ORDERED that Defendants/Counter-Plaintiffs Joel and Carol Hirsch shall serve initial disclosures upon Great Northern within five (5) days of the entry of this Order; and it is further

ORDERED that Defendants/Counter-Plaintiffs Joel and Carol Hirsch pay Great Northern for the reasonable expenses, including attorneys' fees, it has incurred as a consequence of their failure to abide by their obligations under Fed. R. Civ. P. 26(a)(1) and LCvR 26.2(a).

Entered this ____ day of _____, 2008.

                                                                  _____
                                                                  The Honorable Emmet G. Sullivan

With copies sent to counsel of record for the parties:

William B. Pollard, III
D.C. Bar No. 947275
David T. McTaggart (*pro hac vice*)
KORNSTEIN VEISZ WEXLER
& POLLARD, LLP
757 Third Avenue
New York, NY 10017
(212) 418-8600


Karen Ventrell
D.C. Bar No. 466150
ROSS, DIXON & BELL, LLP
2001 K Street, NW
Washington, DC 20006
(202) 662-2000
*Attorneys for Plaintiff/Counter-Defendant*
*Great Northern Insurance Co.*


Lorelie S. Masters
D.C. Bar No. 358686
Jessica Ring Amunson
D.C. Bar No. 497223
JENNER & BLOCK, LLP
601 13th Street, NW, Suite 1200
Washington, DC 20005
(202) 639-6000

*Attorneys for Defendants/ Counter-Plaintiffs Joel and Carol Hirsch*

# Exhibit A

2172088XXXDTM.00008.wpd

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---------------------------------------------------------------X
GREAT NORTHERN INSURANCE COMPANY, :
:
:
Plaintiff and Counter-Defendant, :
:   Case No: 1:07-cv-01804-EGS
-against- :
:
JOEL HIRSCH and CAROL HIRSCH, :
:
Defendants and Counter-Plaintiffs. :
---------------------------------------------------------------X

## JOINT RULE 16.3 REPORT

Pursuant to Local Rule 16.3, to Fed. R. Civ. P. 26(f), and this Court's Order of November 29, 2007, Plaintiff and Counter-Defendant Great Northern Insurance Company ("Great Northern") and Defendants and Counter-Plaintiffs Joel and Carol Hirsch (the "Hirsches") hereby submit their Joint Rule 16.3 Report. During the week of January 7, 2008, counsel for the parties communicated via telephone and electronic mail to confer regarding scheduling and case management issues in this matter. During these discussions, the parties reached a number of agreements, subject to the approval of the Court, concerning the scheduling of this case. For the Court's convenience, this Joint Report follows the numbering and topics of Local Rule 16.3.

1.      Great Northern believes that the case can be resolved by dispositive motions, and it intends to file such motions at the appropriate time. The Hirsches do not believe that such motions will dispose of the case.

   a. The Hirsches believe that if any motion to dismiss addressed to Defendants' Counterclaim is filed with the Court, the discovery period should not begin until after any such motion is resolved and the pleadings have closed.

   b. Great Northern believes that discovery should not be delayed or stayed if its moves to dismiss the Counterclaim.

   c. The parties agree that discovery should not be stayed in the event a motion for summary judgment is filed prior to the close of discovery.

  2. The parties agree that the deadline to amend the pleadings should be July 31, 2008. The parties believe that there may be a basis to narrow some factual or legal issues. They have agreed to explore doing so in good faith as the discovery process goes forward.

  3. At this time, the parties do not request that the case be assigned for trial or any other purposes to a Magistrate Judge.

  4. The parties have discussed settlement on several occasions, and they expect that they will continue to do so, but, at this time, it is unclear whether there is a realistic possibility of settling the case.

  5. Great Northern does not believe that mediation at this time would facilitate a resolution of the dispute. The Hirsches, however, believe that the case could benefit from the Court's alternative dispute resolution procedures and remain open to the possibility of mediation.

  6. Great Northern believes that this case can be decided by summary judgment, and it intends to file such a motion once the record has been sufficiently developed to support such a motion. The Hirsches do not believe that this case can be resolved by summary judgment or

motion to dismiss. The parties agree that, if a motion for summary judgment is made while discovery is open, then a briefing schedule should be established at that time. Once discovery closes, any motion should be made within 30 days after that deadline, with 30 days for opposition papers, and 14 days for reply papers.

7. The Hirsches believe that the Rule 26(a)(1) Initial Disclosures are unnecessary and propose that the parties dispense with them. Great Northern believes that the Rule 26(a)(1) Initial Disclosures should go forward and does not consent to any changes in scope, form, or timing of that disclosure.

8. The parties have not reached an agreement on discovery deadlines, and disagree on whether discovery should be stayed if Great Northern makes a motion to dismiss the Hirsches' Counterclaims.

    a. Great Northern has proposed the following discovery schedule, regardless of whether it makes any motion to dismiss the Hirsches' Counterclaim:

| Date | Event |
|---|---|
| February 29, 2008 | Last date for service of initial document demands and interrogatories |
| June 2, 2008 | Initial expert disclosure |
| July 1, 2008 | Expert reports |
| August 1, 2008 | Answering expert reports |
| September 30, 2008 | Close of all discovery |

    b. The Hirsches believe that if Great Northern files a motion to dismiss the Hirsches' Counterclaim and that motion remains pending as of February 29, 2008,

3

discovery should be stayed until the motion is resolved and the pleadings have closed. At such time, the parties would confer and set a discovery schedule. If Great Northern does not file a motion to dismiss the Hirsches' Counterclaim, or if Great Northern does file such a motion and that motion has been resolved, and the pleadings have closed as of February 29, 2008, the Hirsches agree to Great Northern's proposed discovery schedule.

c.   The parties agree that they will adhere to the limitations on depositions and interrogatories set forth in Rules 30 and 33 of the Federal Rules of Civil Procedure, but remain willing to discuss this matter based upon a change of circumstances in the case.

9.   The parties have agreed to (a) disclose on or before June 2, 2008 the name of any affirmative expert witness, his or her *curriculum vita* and the subject of his or her expert testimony; (b) serve affirmative expert reports on or before July 1, 2008, and (c) serve any rebuttal expert reports on or before August 1, 2008. Depositions of any such experts should take place prior to the close of discovery.

10.   The class action provision of Local Rule 16.3 does not apply to this case.

11.   The parties do not request bifurcation of discovery or trial.

12.   The parties agree that, if discovery closes on September 30, 2008, and if no motion for summary judgment is pending by October 30, 2008, then they request that the pre-trial conference take place in mid-December, 2008. The parties further agree, however, that, if a dispositive motion is pending as of October 30, 2008, then they request that a pre-trial conference take place no less than 30 days after the Court has entered a decision on the dispositive motion.

In all events, the parties request that the final pre-trial conference occur at least 45 days before trial.

13.     Unless there is a dispositive motion pending as of October 30, 2008, the parties request that a trial date be set on or after January 22, 2009.  If a dispositive motion is pending as of October 30, 2008, however, then the parties request that a trial date be set during the pre-trial conference to be held after a decision on such motion.

14.     The parties have discussed electronic discovery, and the method in which to exchange documents that are stored in an electronic format.  No agreement has been reached on this topic.  The parties have agreed to continue discussing this matter and to achieve a fair and cost-effective resolution prior to exchanging responsive documents.

Respectfully submitted,

/s/William B. Pollard, III   1/18/08
William B. Pollard, III
D.C. Bar No. 947275
David T. McTaggart (*pro hac vice*)
KORNSTEIN VEISZ WEXLER
& POLLARD, LLP
757 Third Avenue
New York, NY 10017
(212) 418-8600

Karen Ventrell
D.C. Bar No. 466150
ROSS, DIXON & BELL, LLP
2001 K Street, NW
Washington, DC 20006
(202) 662-2000
*Attorneys for Plaintiff/Counter-Defendant*
*Great Northern Insurance Co.*

5

/s/Lorelie S. Masters      1/18/08
Lorelie S. Masters
D.C. Bar No. 358686
Jessica Ring Amunson
D.C. Bar No. 497223
JENNER & BLOCK, LLP
601 13th Street, NW, Suite 1200
Washington, DC 20005
(202) 639-6000

*Attorneys for Defendants/ Counter-Plaintiffs Joel and Carol Hirsch*

# Exhibit B

# David McTaggart

**From:** Amunson, Jessica Ring [JAmunson@jenner.com]
**Sent:** Friday, February 01, 2008 9:29 AM
**To:** David McTaggart; William Pollard
**Cc:** Masters, Lorelie S
**Subject:** RE: Great Northern v. Hirsch

Bill and David:

Under Rule 26(a)(1)(E), if a party "objects during the [Rule 26(f)] conference that initial disclosures are not appropriate in the circumstances of the action and states the objection in the Rule 26(f) discovery plan," then the disclosures need not be made until the Court orders them. *See* Fed. R. Civ. P. 26(a)(1)(E) ("In ruling on the objection, the court must determine what disclosures -- if any -- are to be made, and set the time for disclosure."); *see also* LCvR 16.4 ("Objections made to the discovery plan during the Rule 26(f) conference are to be ruled on by the court in the scheduling conference or order. In its ruling on the objection, the court must determine what disclosures if any are to be made and set the time for disclosures.").

As you are aware, the Hirsches objected to providing the Rule 26(a)(1) initial disclosures in the Rule 26(f) plan submitted to the Court. Therefore, the Hirsches will not be providing such disclosures unless and until they are ordered by the Court in its scheduling conference or order.

Please let us know if you have any questions.

Thank you.

Jessie

---

**Jessica Ring Amunson**
Jenner & Block LLP
601 Thirteenth Street, N.W.
Suite 1200 South
Washington DC 20005-3823
Tel (202) 639-6023
Fax (202) 661-4993
JAmunson@jenner.com
www.jenner.com

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

---

**From:** David McTaggart [mailto:dmctaggart@kvwmail.com]
**Sent:** Thursday, January 31, 2008 6:03 PM
**To:** Masters, Lorelie S; Amunson, Jessica Ring
**Cc:** William Pollard
**Subject:** Great Northern v. Hirsch

Lorie & Jessie,

Enclosed please find a courtesy copy of Great Northern's Rule 26(a)(1) disclosures, a hard copy of which was

served today via regular mail.

Regards,

David T. McTaggart
**Kornstein Veisz Wexler & Pollard LLP**
757 Third Avenue, 18th Floor
New York, NY 10017
Tel:  (212) 418-8676
Fax: (212) 826-3640
http://kvwp.net/

2/6/2008