**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---

|  |  |  |
|---|---|---|
| GREAT NORTHERN INSURANCE CO., | ) | |
|     Plaintiff-Counterclaim Defendant, | ) | |
| | ) | |
|         v. | ) | Case No. 1:07-cv-01804-EGS |
| | ) | |
| JOEL HIRSCH and CAROL HIRSCH, | ) | |
|     Defendants-Counterclaim Plaintiffs. | ) | |
| | ) | |

---

**JOEL AND CAROL HIRSCH'S MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO GREAT NORTHERN'S
MOTION TO COMPEL INITIAL DISCLOSURES**

Once again Great Northern Insurance Company ("Great Northern") has shown that it is unwilling or unable to resolve issues in an amicable matter and instead has resorted to the most contentious (and the most expensive) possible way to address disputes between itself and Joel and Carol Hirsch ("the Hirsches"). With absolutely no notice to counsel for the Hirsches and in utter disregard of the Federal and Local Rules, Great Northern has moved to compel the Hirsches to provide initial disclosures, despite the fact that the Hirsches quite clearly objected to providing initial disclosures in the discovery plan currently pending before, and not yet ruled upon by, this Court. The Hirsches are not attempting to avoid their initial disclosure obligations. As they have repeatedly informed Great Northern, they will provide such disclosures if and when the Court orders them pursuant to its scheduling order. The Court has not yet issued its scheduling order or ruled on the Hirsches' objection to providing initial disclosures. Thus, Great Northern's motion is utterly frivolous and the Hirsches should be awarded their fees and costs for responding to this completely unjustified motion.

# **BACKGROUND**

This case arises out of a dispute over whether Great Northern is entitled to void the homeowners' insurance policy of, and demand the repayment of more than $280,000 from the Hirsches, almost one year after it issued its last check to them in settlement of their claim for severe damage sustained by their home following a storm in June 2006.  Great Northern argues that it is entitled to void the policy and recoup all of the $280,000 the Hirsches spent repairing their home after Great Northern specifically approved and reimbursed these repairs, based on its suspicions about two purportedly false documents Joel Hirsch allegedly provided to Great Northern during the course of the claim's submission.  However, Great Northern never issued any reimbursement to the Hirsches in connection with these two purportedly false documents, the Hirsches withdrew any claim for reimbursement in connection with these items, and Great Northern ignored the Hirsches' repeated invitations to inspect the documents surrounding these items and to resolve any issues related to them or any other matter.

Great Northern's conduct in making this motion is typical of its conduct throughout this dispute.  The Hirsches have repeatedly attempted to resolve matters amicably and Great Northern has repeatedly resorted to its lawyers, apparently in an attempt to make this litigation so expensive for the Hirsches that they will simply forfeit their rights under their homeowners' insurance policy and forget about their claims against Great Northern.  As is more fully set forth in the Hirsches' Counterclaim as well as in its response to Great Northern's Motion to Dismiss, Great Northern's conduct has breached the duties it owes the Hirsches, breached its contract with the Hirsches, and caused the Hirsches severe emotional distress.  In making its motion to compel, Great Northern has proven yet again that its mind is closed to any reasonable ways to resolve this matter.

As to the instant dispute, the Hirsches have consistently maintained the position that initial disclosures are inappropriate in the circumstances of this action.  This is a relatively small action in which Great Northern already has in its possession the vast majority, if not all, of the information that would be provided by the Hirsches in the initial disclosures.  Indeed, Great Northern has repeatedly contended that it already has all the evidence it needs against the Hirsches.  The Hirsches therefore proposed to dispense with the initial disclosure requirement as inappropriate and unnecessary, thereby avoiding the expense of providing such disclosures.  The Hirsches first conveyed this position to Great Northern during the parties' Rule 26(f) conference on January 8, 2008, which was held via telephone at the request of, and for the convenience of, Great Northern's attorneys despite the Court's preference that such conferences take place in person.  *See* Comment to LCvR 16.3(a).

As Great Northern has acknowledged, *see* Exhibit A attached hereto, following this telephone conference, it was aware of the Hirsches' position that the initial disclosures were inappropriate in the circumstances of this action and that the Hirsches proposed that the parties stipulate to dispense with them.  Nevertheless, the draft discovery plan forwarded by Great Northern on January 9, 2008, did not accurately reflect the Hirsches' position.  Instead, it proposed that the "parties will exchange Rule 26(a)(1) Initial Disclosures within 14 days of the Initial Conference."  *See* Exhibit B attached hereto.  Consequently, in the revised discovery plan the Hirsches sent to Great Northern on January 16, 2008, the Hirsches set forth in writing the Hirsches' previously conveyed oral objection to providing the initial disclosures, stating, that: "Great Northern believes that the Rule 26(a)(1) Initial Disclosures should go forward with no changes in scope, form, or timing.  The Hirsches, however, believe that the Rule 26(a)(1) Initial Disclosures are unnecessary and propose that the parties dispense with them."  *See* Exhibit C

attached hereto.  Great Northern subsequently modified this paragraph in the version of the meet and confer report it submitted to the Court so the current paragraph now reads:  "The Hirsches believe that the Rule 26(a)(1) Initial Disclosures are unnecessary and propose that the parties dispense with them.  Great Northern believes that the Rule 26(a)(1) Initial Disclosures should go forward and does not consent to any changes in scope, form, or timing of that disclosure."  Docket 13.

Counsel for the Hirsches clearly objected to providing the initial disclosures.  Indeed, had the Hirsches agreed to provide initial disclosures, there would have been no need to modify paragraph seven of the original version of the meet-and-confer report Great Northern forwarded on January 9, 2008.  Counsel for the Hirsches expected that the Court would rule on its objection when it issued its scheduling order, as contemplated by Federal Rule of Civil Procedure 26(a)(1)(C) and Local Rule 16.4.  *See* Fed. R. Civ. P. 26(a)(1)(C) (if a party "objects during the [Rule 26(f)] conference that initial disclosures are not appropriate in the circumstances of the action and states the objection in the Rule 26(f) discovery plan," then the disclosures need not be made until the Court orders them and "[i]n ruling on the objection, the court must determine what disclosures -- if any -- are to be made, and set the time for disclosure"); LCvR 16.4 ("Objections made to the discovery plan during the Rule 26(f) conference are to be ruled on by the court in the scheduling conference or order.  In its ruling on the objection, the court must determine what disclosures if any are to be made and set the time for disclosures.").  Counsel for the Hirsches therefore contemplated providing initial disclosures if and only if the Court ordered them in its scheduling order.

The Hirsches were therefore surprised to receive initial disclosures from Great Northern on January 31, 2008.  *See* Fed. R. Civ. P. 26(a)(1) Advisory Committee Notes, 2000

Amendments ("The presumptive disclosure date does not apply if a party objects to initial disclosure during the subdivision (f) conference and states its objection in the subdivision (f) discovery plan.").  The Hirsches promptly wrote to Great Northern informing it that the Hirsches would not be providing initial disclosures unless and until they were ordered by the Court in its scheduling conference or order.  *See* Exhibit B to Great Northern's Motion to Compel.  Counsel for Great Northern responded that the Hirsches had not stated an objection in the discovery plan "as that word is legally defined" and accused the Hirsches of acting in "disobedience to the Rule."  *See* Exhibit A attached hereto.  Consequently, the Hirsches wrote to Great Northern stating that they had quite clearly expressed their objection to providing initial disclosures, however, if Great Northern wished to insist on formalisms, the Hirsches offered to submit an amended meet-and-confer statement to the Court, revising paragraph seven to more formally state the word "object" in the paragraph regarding initial disclosures.  *See* Exhibit D attached hereto.  Counsel for Great Northern did not respond to this letter either in person, by telephone, by letter, or by email.  Instead, with no further communication to the Hirsches, Great Northern filed this motion to compel.

### ARGUMENT

**I.    GREAT NORTHERN'S MOTION IS PROCEDURALLY IMPROPER.**

Great Northern's motion was filed with utter disregard for the requirements of both the Federal Rules of Civil Procedure and the Local Rules.  First, Great Northern failed to comply with Local Rule 7(m), which requires that "[b]efore filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel, *either in person or by telephone*, in a good faith effort to determine whether there is any opposition to the relief sought and, if there is opposition, to narrow the areas of disagreement."  LcvR 7(m) (emphasis added).

5

Great Northern never consulted with counsel for the Hirsches either in person or by telephone regarding this motion. Indeed, the Hirsches did not even know Great Northern was contemplating filing this motion and did not learn anything of it until it was filed.

This Court has made crystal clear that "[f]ailure to comply with the duty to confer requirement set forth in these rules is grounds for dismissing a motion to compel." *Equal Rights Center v. Post Properties, Inc.*, 246 F.R.D. 29, 31 (D.D.C. 2007) (citing *U.S. ex rel. Hockett v. Columbia/HCA Healthcare, Corp.*, 498 F. Supp. 2d 25, 34 (D.D.C. 2007); *Ellipso, Inc. v. Mann*, 460 F. Supp. 2d 99, 102 (D.D.C.2006); *U.S. ex rel Pogue v. Diabetes Treatment Centers of America, Inc.*, 235 F.R.D. 521, 528 (D.D.C. 2006)). As this Court has unequivocally stated: "The Local Rule is clear that compliance with the duty to confer requirement necessitates *something more than an exchange of letters or a chain of e-mail correspondence*; if the moving party does not discuss the anticipated motion with opposing counsel '*in person or by telephone*,' then she has not followed the rule and the court may dismiss her motion." *Id.* (emphasis added); *see also U.S. ex rel Pogue*, 235 F.R.D. at 528 (holding that parties who generated "an abundance of paper in corresponding about the underlying discovery disputes" but did not "discuss[ ] the motions in person or by phone" did not comply with Local Civil Rule 7(m)); *Tequila Centinela, S.A. de C.V. v. Bacardi & Co. Ltd.*, --- F.R.D. ---, 2008 WL 162937, at *1 (D.D.C. Jan. 18, 2008) (noting that Court denied motion to compel for party's "failure to comply with Local Civil Rule 7(m)"); *In re ULLICO Inc. Litigation*, 237 F.R.D. 314, 316-17 (D.D.C. 2006) (there is "no substantial justification for filing a nondispositive motion" in any "way that clearly violates the local rules of this court"). Thus, Great Northern's motion should be dismissed out of hand for its failure to comply with Local Rule 7(m).

Second, Great Northern ignored Federal Rule of Civil Procedure 37(a)(1), which requires that only "[o]n notice to other parties" may a party move for an order compelling disclosure. Fed. R. Civ. P. 37(a)(1).  As discussed, Great Northern provided no notice at all to the Hirsches that it would be filing a motion to compel.  Moreover, the Rule requires that before making a motion to compel, the movant must have "in good faith conferred or attempted to confer with the person or party failing to make disclosure." *Id*.  Although Great Northern certifies in its motion that it did confer with counsel for the Hirsches via email, it certainly did not do so "in good faith."  Indeed, Great Northern selectively attaches a single email to its motion, but neglects to include the parties' later correspondence, in which counsel for the Hirsches expressly requested that Great Northern "advise us promptly as to your position [on the clarity of the Hirsches' objection to initial disclosures as stated in the Rule 26(f) report] so that we know whether we need to file an amended meet and confer report with the Court." *See* Exhibit D attached hereto. Great Northern never responded to this correspondence or otherwise attempted to resolve this matter in good faith.  Instead, it filed this motion.  Thus, Great Northern's motion should also be denied for its failure to confer in good faith with the Hirsches.  *See, e.g., Campbell v. U.S. Dep't of Justice*, 231 F. Supp. 2d 1, 13 (D.D.C. 2002) (denying defendant's motion after finding that there is "no indication from the motions, however, that the defendant made a good faith effort to resolve the instant discovery dispute before resorting to the court for its assistance in resolving the issue").

## II.     GREAT NORTHERN'S MOTION IS SUBSTANTIVELY MERITLESS.

Beyond its procedural flaws, Great Northern's motion is substantively meritless.  It appears to be nothing more than a tactic to drive the Hirsches to abandon their claims and forfeit their rights under their insurance policy.  As Judge Greene once observed:

> The discovery process, a major and useful tool of modern litigation, has in practice often become in effect a trial by combat, in which the litigant most able to afford the necessary expense or most willing to spend (usually corporate) funds will eventually prevail by hiring a law firm willing to engage in needless and endless rounds of discovery maneuvers. Unnecessary requests are made, unnecessary objections are interposed, there are repeated motions to compel and oppositions to such motions, until finally the opposing party may run out of either funds or stamina.

*United States v. American Tel. & Tel. Co.*, 86 F.R.D. 603, 655 (D.D.C. 1979).  This appears be the only purpose of Great Northern's motion, which is otherwise utterly frivolous and would have been entirely unnecessary had Great Northern's counsel simply contacted counsel for the Hirsches and informed them that Great Northern was insisting on formalisms and the Hirsches would need to file an amended meet-and-confer statement with the Court using the word "object."  The motion is further meritless for the following reasons.

First, the purpose of the motion is to compel disclosures that the Court has not yet ordered.  Rule 26(a)(1)(C) provides that if a party "objects during the [Rule 26(f)] conference that initial disclosures are not appropriate in the circumstances of the action and states the objection in the Rule 26(f) discovery plan," then the disclosures need not be made until the Court orders them.  *See* Fed. R. Civ. P. 26(a)(1)(C) ("In ruling on the objection, the court must determine what disclosures – if any – are to be made, and set the time for disclosure."); *see also* LCvR 16.4 ("Objections made to the discovery plan during the Rule 26(f) conference are to be ruled on by the court in the scheduling conference or order.  In its ruling on the objection, the court must determine what disclosures if any are to be made and set the time for disclosures.").  The Hirsches clearly objected to Great Northern's proposal that initial disclosures go forward with no changes in form and stated that objection in the discovery plan.  *See, e.g.*, BLACK'S LAW DICTIONARY, SEVENTH EDITION 1101 (1999) (defining the word "object" as "[t]o state in opposition; to put forward as an objection").  Obviously, the Hirsches' position that initial

disclosures are unnecessary and that the parties dispense with them was "state[d] in opposition" to Great Northern's position that the parties should proceed with initial disclosures.[1] The Hirsches' objection is still pending before the Court.

Second, the reason that Great Northern alleges it needs these initial disclosures immediately is bizarre. On the one hand, Great Northern contends that it already has "strong" evidence of the Hirsches' purportedly wrongful conduct, which is enumerated in the "highly detailed allegations" of its Complaint. Mot. at 2. Yet on the other hand, Great Northern argues that unless the Hirsches provide initial disclosures now (as opposed to waiting to see if they are ordered by the Court in its scheduling order or conference as contemplated by Rule 26(a)(1)(C) and Local Rule 16.4), Great Northern will be "denied . . . basic information that will help focus its discovery and facilitate its preparation for trial." Mot. at 4. At the outset, it is unclear what discovery Great Northern expects be "focus[ing]" on prior to the Court's issuance of its scheduling order. Until that order issues, the parties will not yet have a ruling from the Court on not only the Hirsches' objection to providing initial disclosures, but more importantly the Hirsches' proposal that *all discovery be stayed* until the Court rules on Great Northern's motion to dismiss. Unless and until the Court rules that discovery is appropriate while the motion to dismiss is pending, neither party should be engaging in discovery.[2] *Compare, e.g., Brubaker v.*

---

[1] Great Northern also accuses the Hirsches of a "refusal to provide reciprocal discovery." Mot. at 5. But, as noted above, the Hirsches were quite surprised to receive Great Northern's initial disclosures as they did not expect any disclosures would be made unless and until the Court ordered them. Had Great Northern informed the Hirsches that it intended to provide initial disclosures, the Hirsches would have informed Great Northern that it need not do so until the Court ordered them, as contemplated by the Federal and Local rules.

[2] Despite the fact that the Court has not yet ruled on the Hirsches' proposal to stay all discovery while Great Northern's motion to dismiss is pending, and despite its contention in this motion that its ability to take discovery has been impaired by the fact that the Hirsches have not yet provided initial disclosures, on February 7, 2008, Great Northern served the Hirsches with a

*Metropolitan Life Ins. Co*., No. 00-2511, 2002 WL 975846, at *1 (Sullivan, J.) (noting that the "Court issued an Order deferring initial disclosures and discovery until after its ruling on the summary judgment motions").

The Hirsches' objection to providing initial disclosures has nothing to do with an intention to "litigate by surprise" or to deny Great Northern "basic information." Mot. at 4. Rather, as the Hirsches stated in the Local Rule 16/Rule 26(f) conference, they believe that initial disclosures are unnecessary in the circumstances of this case. The Hirsches considered it obvious that given its size and complexity, this case is not one calling for initial disclosures. Indeed, it is extremely likely that all of the information that would be contained in the Hirsches' initial disclosures is already in Great Northern's possession. The Hirsches thus wished to avoid the time and expense of providing such disclosures and proposed that the parties dispense with them, as contemplated by the Local Rules and consistent with the Federal Rules of Civil Procedure's mandate to construe and administer all rules "to secure the just, speedy, and *inexpensive* determination of every action and proceeding." Fed. R. Civ. P. 1 (emphasis added).

Third, Great Northern cites no authority for its position besides a single district court case from Colorado discussing the general purposes of Rule 26(a)(1) disclosures. That case is of no relevance here. There, in a complicated action brought by a trustee of a bankrupt corporation's liquidation trust alleging that defendants perpetrated Ponzi scheme by issuing promissory notes through the corporation the court found that "*[i]n the context of this case*, Rule 26(a)(1) requires more*" than the plaintiff's listing of 196 investors and 126 brokers purportedly having knowledge

_____

lengthy request for production of documents (requesting 33 categories of documents and including subparts for many of the requests), a detailed set of interrogatories (posing 14 interrogatories and including subparts for many of the requests), and a voluminous request for admission (requesting 77 admissions, attaching 20 exhibits, and including subparts for many of the requests). These discovery requests are clearly inappropriate while a ruling on the Hirsches' proposal to stay all discovery is still pending with the Court.

about the case. *Sender v. Mann*, 225 F.R.D. 645, 652 (D. Colo. 2004). This case is completely inapposite. Here, we have a relatively small dispute between an insurer and a policyholder in which the insurer already claims to have all the facts it needs. *See* Mot. at 2. Indeed, Great Northern has already served the Hirsches with a request for admission attaching twenty exhibits, which consist of documents related to this claim that are already in Great Northern's possession. Initial disclosures are simply "inappropriate in the circumstances of this action."

### III.   THE HIRSCHES SHOULD BE AWARDED THEIR REASONABLE FEES AND COSTS FOR RESPONDING TO THIS MOTION.

The Hirsches should be awarded their reasonable fees and costs for responding to this motion. Under Rule 37(a)(5)(b), if a motion to compel is denied, the Court may "require the movant, the attorney filing the motion, or both to pay the party of deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees" unless the motion was "substantially justified." Fed. R. Civ. P. 37(a)(5)(b). The Supreme Court has stated that a party meets the "substantially justified" standard only when there is a "genuine dispute" or if "reasonable people could differ" as to the appropriateness of the motion. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Here, reasonable people could not possibly differ as to the appropriateness of Great Northern's motion.

First, the motion to compel was not substantially justified because opposing counsel did not make any attempt to confer in good faith with counsel for the Hirsches before making this motion. Indeed, counsel did not even notify the Hirsches they were contemplating a motion to compel. As discussed *supra*, this is inexcusable under both the Federal and Local Rules.

Second, Great Northern completely ignored the Hirsches' request that it inform the Hirsches of its position as to whether the Hirsches needed to file an amended meet-and-confer statement with the Court to more formally state their objection to providing initial disclosures.

Had Great Northern simply informed the Hirsches that it was going to insist on formalisms, the Hirsches would have filed an amended meet-and-confer report with the Court and there would have been no need for this motion to compel.   *Compare, e.g., Miller v. Holzmann*, 238 F.R.D. 111, 112 (D.D.C. 2006) (discussing availability of fees and costs where defendant alleged that plaintiff had "no legitimate purpose in moving to compel, other than to create an unnecessary burden for the Court and defendant's counsel").

Third, the motion is substantively meritless in seeking to compel disclosures that have not yet been ordered by the Court, as is evidenced by the fact that Great Northern cannot find a single case in support of its position.  "Reasonable people simply could not differ on the relevant facts in this regard" and therefore "[t]o force the additional burden and cost upon [the Hirsches] of opposing a motion to compel . . . would indeed be unjust."  *Alexander v. F.B.I.*, 186 F.R.D. 144, 147 (D.D.C. 1999).

## CONCLUSION

For the foregoing reasons, the Hirsches respectfully request that this Court:

(a)     deny Great Northern's motion to compel initial disclosures;

(b)     order Great Northern to cease and desist from filing discovery motions and serving discovery requests until after the Court has issued its scheduling order in this matter; and,

(c)     award the Hirsches their reasonable fees and costs in opposing this motion.

Dated: February 19, 2008                                    Respectfully submitted,

     /s/ Lorelie S. Masters
Lorelie S. Masters
D.C. Bar No. 358686
Jessica Ring Amunson
D.C. Bar No. 497223
JENNER & BLOCK, LLP

601 13th Street, NW, Suite 1200
Washington, DC  20005
Telephone:  (202) 639-6000
Facsimile:  (202) 661-4993
E-mail:  lmasters@jenner.com
          jamunson@jenner.com

***Attorneys for Joel and Carol Hirsch***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 19th day of February, 2008, I caused the foregoing to be filed using the Court's Electronic Case Filing (ECF) system, which will automatically send notice of such filing to counsel of record in this case.

____/s/ Jessica Ring Amunson_____
Jessica Ring Amunson
D.C. Bar No. 497223
JENNER & BLOCK, LLP
601 13th Street, NW, Suite 1200 South
Washington, DC  20005
Telephone:  (202) 639-6000
Facsimile:  (202) 661-4993
E-mail:  jamunson@jenner.com

***Attorney for Joel and Carol Hirsch***

14

# EXHIBIT A

## Amunson, Jessica Ring

**From:**    William Pollard [wpollard@kvwmail.com]
**Sent:**    Monday, February 04, 2008 8:48 PM
**To:**      Amunson, Jessica Ring
**Cc:**      Masters, Lorelie S; David McTaggart
**Subject:** RE: Great Northern v. Hirsch

Jessie

Rule 26(a)(1)(C) requires that an objection to initial discovery be made during the Rule 26(f) conference, and that the objection be repeated in the discovery plan report submitted to the Court. The Hirsches did not object during the conference, and no objection is made in the Plan. Rather, during the conference the defendants only stated a preference that the parties stipulate away this discovery obligation, to which we disagreed. The report to the court repeated the parties' respective positions regarding such a stipulation. Neither is an objection as that word is legally defined. Thus, we believe that the Hirsches are in default of their initial disclosure obligation under Rule 26(a)(1)(A), and we demand that this default be cured immediately. Please promptly let me know what you intend to do as defendants' disobedience to the Rule is hampering our ability to take full and effective discovery.

Bill

William B. Pollard, III
(212) 418-8617
(212) 826-3640 (Fax)

Kornstein Veisz Wexler & Pollard, LLP
757 Third Avenue
New York, New York 10017-2013
www.kvwp.net

This e-mail, and any attachments thereto, is intended only for the use of the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please notify me via return e-mail and via telephone at 212-418-8600 and permanently delete the original and any copy of any e-mail and any printout thereof.

-----Original Message-----
**From:** Amunson, Jessica Ring [mailto:JAmunson@jenner.com]
**Sent:** Friday, February 01, 2008 9:29 AM
**To:** David McTaggart; William Pollard
**Cc:** Masters, Lorelie S
**Subject:** RE: Great Northern v. Hirsch

Bill and David:

Under Rule 26(a)(1)(E), if a party "objects during the [Rule 26(f)] conference that initial disclosures are not appropriate in the circumstances of the action and states the objection in the Rule 26(f) discovery plan," then the disclosures need not be made until the Court orders them. *See* Fed. R. Civ. P. 26(a)(1)(E) ("In ruling on the objection, the court must determine what disclosures -- if any -- are to be made, and set the time for disclosure."); *see also* LCvR 16.4 ("Objections made to the discovery plan during the Rule 26(f) conference are to be ruled on by the court in the scheduling conference or order. In its ruling on the objection, the court must determine what disclosures if any are to be made and set the time for

disclosures.").

As you are aware, the Hirsches objected to providing the Rule 26(a)(1) initial disclosures in the Rule 26(f) plan submitted to the Court. Therefore, the Hirsches will not be providing such disclosures unless and until they are ordered by the Court in its scheduling conference or order.

Please let us know if you have any questions.

Thank you.

Jessie

---

**Jessica Ring Amunson**
Jenner & Block LLP
601 Thirteenth Street, N.W.
Suite 1200 South
Washington DC 20005-3823
Tel (202) 639-6023
Fax (202) 661-4993
JAmunson@jenner.com
www.jenner.com

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient (s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

---

**From:** David McTaggart [mailto:dmctaggart@kvwmail.com]
**Sent:** Thursday, January 31, 2008 6:03 PM
**To:** Masters, Lorelie S; Amunson, Jessica Ring
**Cc:** William Pollard
**Subject:** Great Northern v. Hirsch

Lorie & Jessie,
Enclosed please find a courtesy copy of Great Northern's Rule 26(a)(1) disclosures, a hard copy of which was served today via regular mail.
Regards,
David T. McTaggart
**Kornstein Veisz Wexler & Pollard LLP**
757 Third Avenue, 18th Floor
New York, NY 10017
Tel:  (212) 418-8676
Fax: (212) 826-3640
http://kvwp.net/

# EXHIBIT B

**Amunson, Jessica Ring**

| | |
|---|---|
| **From:** | William Pollard [wpollard@kvwmail.com] |
| **Sent:** | Wednesday, January 09, 2008 7:01 PM |
| **To:** | Masters, Lorelie S |
| **Cc:** | Amunson, Jessica Ring; David McTaggart |
| **Subject:** | RE: Great Northern v Hirsch |
| **Attachments:** | Draft Discovery Plan.pdf |

Lorie

Please send me your comments regarding the attached draft discovery plan at your earliest convenience.

Bill

William B. Pollard, III
(212) 418-8617
(212) 826-3640 (Fax)

Kornstein Veisz Wexler & Pollard, LLP
757 Third Avenue
New York, New York 10017-2013
www.kvwp.net

This e-mail, and any attachments thereto, is intended only for the use of the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please notify me via return e-mail and via telephone at 212-418-8600 and permanently delete the original and any copy of any e-mail and any printout thereof.

-----Original Message-----
**From:** William Pollard
**Sent:** Tuesday, January 08, 2008 4:41 PM
**To:** 'lmasters@jenner.com'
**Cc:** 'jamunson@jenner.com'; David McTaggart
**Subject:** Great Northern v Hirsch

Lorie

The following are the proposed discovery dates.

| | |
|---|---|
| February 29, 2008 | Last date for service of initial document demands and interrogatories |
| June 2, 2008 | Initial expert disclosure |
| July 1, 2008 | Expert reports |
| August 1, 2008 | Answering expert reports |
| September 30, 2008 | Close of all discovery |

Bill

William B. Pollard, III
(212) 418-8617
(212) 826-3640 (Fax)

Kornstein Veisz Wexler & Pollard, LLP
757 Third Avenue
New York, New York 10017-2013
www.kvwp.net

This e-mail, and any attachments thereto, is intended only for the use of the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please notify me via return e-mail and via telephone at 212-418-8600 and permanently delete the original and any copy of any e-mail and any printout thereof.

DRAFT

UNITED STATES DISTRICT COURT
THE DISTRICT OF COLUMBIA
--------------------------------------------------------------X
GREAT NORTHERN INSURANCE COMPANY,  :
                                       :

        Plaintiff and Counter-Defendant,  :
                                         :    Case No: 1:07-cv-01804-EGS
        -against-                   :
                                         :
JOEL HIRSCH and CAROL HIRSCH,  :
                                         :
      Defendants and Counter-Plaintiffs.  :
--------------------------------------------------------------X

## JOINT RULE 16.3 REPORT

      Pursuant to Local Rule 16.3, to Fed. R. Civ. P. 26(f), and this Court's Order of November

29, 2007, Plaintiff and Counter-Defendant Great Northern Insurance Company ("Great

Northern") and Defendants and Counter-Plaintiffs Joel and Carol Hirsch (the "Hirsches") hereby

submit their Joint Rule 16.3 Report.  During the week of January 7, 2008, counsel for the parties

communicated via telephone and electronic mail to confer regarding scheduling and case

management issues in this matter.  During these discussions, the parties reached a number of

agreements, subject to the approval of the Court, concerning the scheduling of this case.   For the

Court's convenience, this Joint Report follows the numbering and topics of Local Rule 16.3.

      1.     Great Northern believes that the case can be resolved by dispositive motions, and

it intends to file such motions at the appropriate time.  The Hirsches do not believe that such

motions will dispose of the case.  The parties agree that discovery should not be stayed in the

event that any such motions are filed prior to the close of discovery.

      2.     The parties agree that the deadline to amend the pleadings should be July 31,

2172088MOTDTM.00003.wpd



2008.  The parties believe that there may be a basis to narrow some factual or legal issues.  They have agreed to explore doing so in good faith as the discovery process goes forward.

      3.      The parties do not request that the case be assigned for trial before a Magistrate Judge.

      4.      The parties have discussed settlement on several occasions, and they expect that they will continue to do so, but, at this time, it is unclear whether the dispute can be settled.

      5.      Great Northern does not believe that mediation at this time would facilitate a resolution of the dispute.  ***The Hirsches, however,*** _____.

      6.      Great Northern believes that this case can be decided by summary judgment, and it intends to file such a motion once the record has been sufficiently developed to support such a motion.  The parties agree that, if a motion is made while discovery is open, then a briefing schedule should be established at that time.  Once discovery closes, any motion should be made within 30 days after that deadline, with 30 days for opposition papers, and 14 days for reply papers.

      7.      The parties will exchange Rule 26(a)(1) Initial Disclosures within 14 days of the Initial Conference.

      8.      The parties have agreed to the following discovery schedule:

| | |
|---|---|
| February 29, 2008 | Last date for service of initial document demands and interrogatories |
| June 2, 2008 | Initial expert disclosure |
| July 1, 2008 | Expert reports |
| August 1, 2008 | Answering expert reports |
| September 30, 2008 | Close of all discovery |



The parties will adhere to the limitations on depositions and interrogatories set forth in Rules 30 and 33 of the Federal Rules of Civil Procedure, but remain willing to discuss this matter based upon a change of circumstances in the case.

9.      The parties have agreed to (a) disclose on or before June 2, 2008 the name of any affirmative expert witness, his or her *curriculum vita* and the subject of his or her expert testimony; (b) serve affirmative expert reports on or before July 1, 2008, and (c) serve any rebuttal expert reports on or before August 1, 2008.  Depositions of any such experts should take place prior to the close of discovery.

10.      The class action provision of Local Rule 16.3 does not apply to this case.

11.      The parties do not request bifurcation of discovery or trial.

12.      The parties agree that, if discovery closes on September 30, 2008, and if no motion for summary judgment is pending by October 30, 2008, then they request that the pre-trial conference take place in mid-December, 2008.  The parties further agree, however, that, if a dispositive motion is pending as of October 30, 2008, then they request that a pre-trial conference take place no less than 30 days after the Court has entered a decision on the dispositive motion.  In all events, the parties request that the final pre-trial conference occur at least 45 days before trial.

13.      Unless there is a dispositive motion pending as of October 30, 2008, the parties request that a trial date be set on or after January 22, 2009.  If a dispositive motion is pending as of October 30, 2008, however, then the parties request that a trial date be set during the pre-trial conference to be held after a decision on such motion.

14.      The parties have discussed electronic discovery, and the method in which to

3



exchange documents that are stored in an electronic format. No agreement has been reached on

this topic. In Great Northern's view, there are logistical and economic issues which need further

study before it can formulate a position. The parties have agreed to continue discussing this

matter and to achieve a fair and cost-effective resolution prior to exchanging responsive

documents.

Respectfully submitted,


/s/William B. Pollard, III   1/18/08
William B. Pollard, III
D.C. Bar No. 947275
David T. McTaggart (*pro hac vice*)
KORNSTEIN VEISZ WEXLER
& POLLARD, LLP
757 Third Avenue
New York, NY 10017
(212) 418-8600


Karen Ventrell
D.C. Bar No. 466150
ROSS, DIXON & BELL, LLP
2001 K Street, NW
Washington, DC 20006
(202) 662-2000
***Attorneys for Plaintiff/Counter-Defendant
Great Northern Insurance Co.***

/s/Lorelie S. Masters           1/18/08
Lorelie S. Masters
D.C. Bar No. 358686
Jessica Ring Amunson
D.C. Bar No. 497223
JENNER & BLOCK, LLP
601 13th Street, NW, Suite 1200
Washington, DC 20005
(202) 639-6000

***Attorneys for Defendants/ Counter-
Plaintiffs Joel and Carol Hirsch***

# EXHIBIT C

**Amunson, Jessica Ring**

---

| | |
|---|---|
| **From:** | Amunson, Jessica Ring |
| **Sent:** | Wednesday, January 16, 2008 9:49 AM |
| **To:** | William Pollard; David McTaggart |
| **Cc:** | Masters, Lorelie S |
| **Subject:** | RE: Great Northern v Hirsch |

**Attachments:**      Joint Rule 16.3 Report -- Redline Version.doc¤; Joint Rule 16.3 Report -- Redline Version.pdf ¤; Joint Rule 16.3 Report -- Great Northern.doc¤; Joint Rule 16.3 Report -- Hirsch Edits.doc¤

   

Joint Rule 16.3     Joint Rule 16.3     Joint Rule 16.3     Joint Rule 16.3
Report -- Redl...   Report -- Redl...   Report -- Grea...   Report -- Hirs...

Bill and David:

Attached please find Word versions of (1) Great Northern's original proposal; (2) the Hirsch proposal; (3) a redline version of the Hirsch proposal showing the changes between the two documents. I apologize in any formatting mishaps. Despite our best efforts, we were not able to work with the documents in WordPerfect. Should you have any problems viewing the proposed changes in Word, I have also included a PDF of the redline version of the report.

Please let us know your thoughts.

Thank you.

Jessie

-----Original Message-----
From: William Pollard [mailto:wpollard@kvwmail.com]
Sent: Thursday, January 10, 2008 9:48 AM
To: Masters, Lorelie S; Amunson, Jessica Ring
Cc: David McTaggart
Subject: RE: Great Northern v Hirsch

Here is the file that you have requested. I would be easier for us if you returned the draft with your comments in a WordPerfect file.

Bill

William B. Pollard, III
(212) 418-8617
(212) 826-3640 (Fax)

Kornstein Veisz Wexler & Pollard, LLP
757 Third Avenue
New York, New York 10017-2013
www.kvwp.net

This e-mail, and any attachments thereto, is intended only for the use of the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please notify me via return e-mail and via telephone at 212-418-8600 and permanently delete the original and any copy of any e-mail and any printout thereof.

-----Original Message-----
From: Masters, Lorelie S [mailto:LMasters@jenner.com]
Sent: Wednesday, January 09, 2008 9:42 PM
To: William Pollard; Amunson, Jessica Ring

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
-----------------------------------------------------------------
```

GREAT NORTHERN INSURANCE COMPANY,  :
                                               :

        Plaintiff and Counter-Defendant,     :     Case No: 1:07-cv-01804-EGS

              -against-                 :

JOEL HIRSCH and CAROL HIRSCH,           :

        Defendants and Counter-Plaintiffs.  :

```
-----------------------------------------------------------------
```

**JOINT RULE 16.3 REPORT**

    Pursuant to Local Rule 16.3, to Fed. R. Civ. P. 26(f), and this Court's Order of November 29, 2007, Plaintiff and Counter-Defendant Great Northern Insurance Company ("Great Northern") and Defendants and Counter-Plaintiffs Joel and Carol Hirsch (the "Hirsches") hereby submit their Joint Rule 16.3 Report. During the week of January 7, 2008, counsel for the parties communicated via telephone and electronic mail to confer regarding scheduling and case management issues in this matter. During these discussions, the parties reached a number of agreements, subject to the approval of the Court, concerning the scheduling of this case. For the Court's convenience, this Joint Report follows the numbering and topics of Local Rule 16.3.

    1.    Great Northern believes that the case can be resolved by dispositive motions, and it intends to file such motions at the appropriate time. The Hirsches do not believe that such motions will dispose of the case. The Hirsches believe that if any motion to dismiss is filed with the Court, the discovery period should not begin to run until after any such motion is resolved and the pleadings have closed. The parties agree that discovery should not be stayed in the event a motion for summary judgment is filed prior to the close of discovery.

1

2.      The parties agree that the deadline to amend the pleadings should be July 31, 2008.  The parties believe that there may be a basis to narrow some factual or legal issues.  They have agreed to explore doing so in good faith as the discovery process goes forward.

3.      The parties do not request that the case be assigned for trial or any other purposes to a Magistrate Judge.

4.      The parties have discussed settlement on several occasions, and they expect that they will continue to do so, but, at this time, it is unclear whether there is a realistic possibility of settling the case.

5.      Great Northern does not believe that mediation at this time would facilitate a resolution of the dispute.  The Hirsches, however, believe that the case could benefit from the Court's alternative dispute resolution procedures and remain open to the possibility of mediation.

6.      Great Northern believes that this case can be decided by summary judgment, and it intends to file such a motion once the record has been sufficiently developed to support such a motion.  The Hirsches do not believe that this case can be resolved by summary judgment or motion to dismiss.  The parties agree that, if a motion for summary judgment is made while discovery is open, then a briefing schedule should be established at that time.  Once discovery closes, any motion should be made within 30 days after that deadline, with 30 days for opposition papers, and 14 days for reply papers.

7.      Great Northern believes that the Rule 26(a)(1) Initial Disclosures should go forward with no changes in scope, form, or timing.  The Hirsches, however, believe that the Rule 26(a)(1) Initial Disclosures are unnecessary and propose that the parties dispense with them.

2

| Deleted: before |
| --- |

| Formatted: No bullets or numbering, Widow/Orphan control |
| --- |

| Deleted: dispute can be settled |
| --- |

| Formatted: Font: Not Bold, Not Italic |
| --- |

| Deleted: _____ |
| --- |

| Deleted: <#>The parties will exchange Rule 26(a)(1) Initial Disclosures within 14 days of the Initial Conference.¶ |
| --- |

8.    The parties have agreed to the following discovery schedule, assuming that if a motion to dismiss is filed in this matter, it will be resolved and the pleadings will have closed by the start of this schedule on February 29, 2008.  If a motion to dismiss remains pending as of the start of this proposed schedule, the parties agree to amend this schedule such that discovery will not begin until after the motion to dismiss is resolved and the pleadings have closed:

| | |
|---|---|
| February 29, 2008 | Last date for service of initial document demands and interrogatories |
| June 2, 2008 | Initial expert disclosure |
| July 1, 2008 | Expert reports |
| August 1, 2008 | Answering expert reports |
| September 30, 2008 | Close of all discovery |

The parties will adhere to the limitations on depositions and interrogatories set forth in Rules 30 and 33 of the Federal Rules of Civil Procedure, but remain willing to discuss this matter based upon a change of circumstances in the case.

9.    The parties have agreed to (a) disclose on or before June 2, 2008 the name of any affirmative expert witness, his or her *curriculum vita* and the subject of his or her expert testimony; (b) serve affirmative expert reports on or before July 1, 2008, and (c) serve any rebuttal expert reports on or before August 1, 2008.  Depositions of any such experts should take place prior to the close of discovery.

10.    The class action provision of Local Rule 16.3 does not apply to this case.

11.    The parties do not request bifurcation of discovery or trial.

12.    The parties agree that, if discovery closes on September 30, 2008, and if no motion for summary judgment is pending by October 30, 2008, then they request that the pre-

3

trial conference take place in mid-December, 2008.  The parties further agree, however, that, if a dispositive motion is pending as of October 30, 2008, then they request that a pre-trial conference take place no less than 30 days after the Court has entered a decision on the dispositive motion.  In all events, the parties request that the final pre-trial conference occur at least 45 days before trial.

13.     Unless there is a dispositive motion pending as of October 30, 2008, the parties request that a trial date be set on or after January 22, 2009.  If a dispositive motion is pending as of October 30, 2008, however, then the parties request that a trial date be set during the pre-trial conference to be held after a decision on such motion.

14.     The parties have discussed electronic discovery, and the method in which to exchange documents that are stored in an electronic format.  No agreement has been reached on this topic.  The parties have agreed to continue discussing this matter and to achieve a fair and cost-effective resolution prior to exchanging responsive documents.

> **Formatted:** Line spacing: Double, No bullets or numbering, Widow/Orphan control

> **Deleted:** In Great Northern's view, there are logistical and economic issues which need further study before it can formulate a position.

> **Formatted:** Widow/Orphan control

Respectfully submitted,
**Great Northern Insurance Co.**

/s/William B. Pollard, III    1/18/08
William B. Pollard, III
D.C. Bar No. 947275
David T. McTaggart (*pro hac vice*)
KORNSTEIN VEISZ WEXLER
& POLLARD, LLP
757 Third Avenue
New York, NY 10017
(212) 418-8600

Karen Ventrell
D.C. Bar No. 466150
ROSS, DIXON & BELL, LLP
2001 K Street, NW
Washington, DC 20006
(202) 662-2000
*Attorneys for Plaintiff/Counter-Defendant*

> **Deleted:** ¶

4

/s/Lorelie S. Masters          1/18/08
Lorelie S. Masters
D.C. Bar No. 358686
Jessica Ring Amunson
D.C. Bar No. 497223
JENNER & BLOCK, LLP
601 13th Street, NW, Suite 1200
Washington, DC 20005
(202) 639-6000

***Attorneys for Defendants/ Counter-
Plaintiffs Joel and Carol Hirsch***

**Formatted:** Widow/Orphan control

5

# EXHIBIT D

J E N N E R & B L O C K

February 6, 2008

**VIA EMAIL AND FIRST-CLASS MAIL**

Jenner & Block LLP          Chicago
601 Thirteenth Street, NW    Dallas
Suite 1200 South             New York
Washington, DC 20005         Washington, DC
Tel 202-639-6000
www.jenner.com

Jessica Ring Amunson
Tel  202 639-6023
Fax  202 661-4993
jamunson@jenner.com

William B. Pollard, III
David T. McTaggart
Kornstein, Veisz ,Wexler & Pollard, LLP
757 Third Avenue
New York, NY  10017-2013

Re:    *Great Northern Insurance Co. v. Joel and Carol Hirsch*, Case No. 1:07-cv-01804-EGS
       (D.D.C.)

Gentlemen:

I am writing in response to your email of February 4, 2008, regarding Rule 26(a)(1)(C).  We are well aware of what Rule 26(a)(1)(C) requires as this was the Rule we cited in our email to you of February 1, 2008, noting that we will not be providing initial disclosures unless and until the Court orders them.

The Hirsches have consistently maintained the position that initial disclosures are inappropriate in the circumstances of this action.  That position was first conveyed to Great Northern during the parties' Rule 26(f) conference on January 8, 2008, which we held via telephone for your convenience despite the Court's preference that such conferences take place in person.  *See* Comment to LCvR 16.3(a).

As you noted in your email of February 4, 2008, following this telephone conference, you were aware of the Hirsches' position that the initial disclosures were inappropriate in the circumstances of this action and that the Hirsches proposed that the parties stipulate to dispense with them.  Nevertheless, the draft discovery plan you forwarded on January 9, 2008, did not accurately reflect the Hirsches' position.  Instead, it proposed that the "parties will exchange Rule 26(a)(1) Initial Disclosures within 14 days of the Initial Conference."  Consequently, in the revised discovery plan we sent you on January 16, 2008, we set forth in writing the Hirsches's previously conveyed oral objection to providing the initial disclosures, stating, that:  "Great Northern believes that the Rule 26(a)(1) Initial Disclosures should go forward with no changes in scope, form, or timing.  The Hirsches, however, believe that the Rule 26(a)(1) Initial Disclosures are unnecessary and propose that the parties dispense with them."  Great Northern subsequently modified this paragraph in the version of the meet and confer report it submitted to the Court so the current paragraph now reads:  "The Hirsches believe that the Rule 26(a)(1) Initial Disclosures are unnecessary and propose that the parties dispense with them.  Great Northern believes that the Rule 26(a)(1) Initial Disclosures should go forward and does not consent to any changes in scope, form, or timing of that disclosure."

William B. Pollard, III
David T. McTaggart
February 6, 2008
Page 2


Clearly the Hirsches have objected to providing the initial disclosures.  Obviously, the Hirsches's position that initial disclosures are unnecessary and that the parties dispense with them was, to use terminology used in the Black's Law Dictionary defintion of the word,  "state[d] in opposition" to Great Northern's position that the parties should proceed with initial disclosures.

If you consult with your local counsel, we believe you will find that language such as that employed by the Hirsches in the meet and confer report is more than sufficient to state an objection under Rule 26(a)(1)(C) in this District.

The Hirsches, therefore, are clearly proceeding in accordance with Rule 26(a)(1)(C) and Local Rule 16.4.  Please advise us promptly as to your position so that we know whether we need to file an amended meet and confer report with the Court.  If you have any questions regarding the foregoing, please feel free to contact me.

Very truly yours,

Jessica Ring Amunson