UNITED STATES DISTRICT COURT
THE DISTRICT OF COLUMBIA
-------------------------------------------------------------X
GREAT NORTHERN INSURANCE COMPANY, :
:
:
Plaintiff and Counter-Defendant, :
:  Case No: 1:07-cv-01804-EGS
-against- :
:
JOEL HIRSCH and CAROL HIRSCH, :
:
Defendants and Counter-Plaintiffs. :
-------------------------------------------------------------X

## GREAT NORTHERN'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO COMPEL DISCLOSURE

Plaintiff/Counter-Defendant Great Northern Insurance Company, by its undersigned counsel, submits this reply brief in support of its motion for an order compelling Defendant/Counter-Plaintiffs Joel and Carol Hirsch to serve initial disclosures as required by Rule 26(a)(1) and Local Rule 26.2(a).

### Preliminary Statement

The genesis of this dispute is the failure of Defendants Joel Hirsch and Carol Hirsch (collectively, the "Hirsches") to object to providing initial disclosure as required by Rule 26(a)(1), either during the parties' Rule 26(f) discussions or in the discovery plan that was submitted to the Court. When Plaintiff Great Northern Insurance Company ("Great Northern") complained about this, defendants made clear that they had no intention of changing their position, or, as defendants concede in their papers, providing the Court with a substantive reason for refusing to provide initial discovery. This forced Great Northern to make this motion. Nothing in defendants' opposition papers -- which are twice as long as the moving papers -- changes the fact that defendants still fail

to offer any legitimate reason or explanation to refuse to provide initial discovery, or demonstrates that this motion is not properly before the Court.[*]

### The Defendants' Substantive "Objection" is Meritless

The purposes for initial disclosure are addressed in *Sender v. Mann*, 225 F.R.D. 645, 650 (D. Colo. 2004), cited in Great Northern's moving papers. Defendants do not dispute that court's comprehensive discussion regarding initial disclosure. Rather, defendants spend less than a page (p. 10) explaining why they should be excused from providing that disclosure. Boiled down to its essence, defendants argue that initial disclosure is inappropriate because the case is small and not complex. Therefore, they say that they should be spared the time and expense of providing that disclosure. This reason, which defendants did not include in the discovery plan, is meritless. Defendants' objection to providing initial disclosures because of the expense also rings hollow given the inordinate effort they make in resisting and delaying these disclosures.

The gravamen of this action is whether Joel Hirsch voided defendants' homeowners' policy by "intentionally conceal[ing] or misrepresent[ing] . . . material fact[s] relating to [defendants'] policy before or after a loss" by submitting to Great Northern fraudulent documents from three, and possibly more, vendors in support of defendants' storm damage claim made under that policy and by obtaining claim payments based upon at least one set of fraudulent documents.[**] Defendants

---

[*] Defendants point out (Br. at 9 n. 2) that the Rule 26(f) plan expresses their preference that no discovery be taken while Great Northern's motion to dismiss defendants' counterclaims is pending. This potentially raises the same issue that has resulted in the instant dispute: a faux application for significant relief that neither complies with the procedural rules nor tells the adverse party the basis for the relief sought in a manner which would allow a meaningful opportunity to respond and be heard. If the defendants want a stay of discovery, they should seek it the old fashion way: by formal motion.

[**] Great Northern also asserts claims based on breach of contract and unjust enrichment.

contend that there is no need for them to provide initial discovery because Great Northern already has information regarding potential witnesses and documents relevant to its claims. But, regardless of what Great Northern presently knows about the wrongdoing alleged in the complaint, Great Northern does not know what the defendants know, and is entitled to know the names of witnesses whom defendants believe have relevant information and the nature and location of pertinent documents, not only regarding Great Northern's claims, <u>but also defendants' counterclaims</u>. For example, defendants allege they have suffered "severe emotional distress" because of Great Northern's claim investigation and that they, therefore, are entitled to unspecified damages. (Counterclaim ¶¶ 78-79). Great Northern also is entitled to initial disclosure concerning these and other allegations in their counterclaims. Defendants ignore this in their opposition papers.

Defendants further ignore Great Northern's argument that it is entitled to know the witnesses defendants contend may have relevant information to avoid any "surprise" witnesses in this case. Having this information and knowing that the Court is empowered to remedy any failure to make full and proper disclosure is a valuable right which defendants seek to negate.

The contention that defendants seek to avoid the expense of providing initial disclosure is frivolous. Preparing such disclosures takes only a modest amount of time, and a modest amount of expense, presumably less than writing a 14-page opposition to the instant motion. Simply put, there are no good reasons for defendants not to disclose witnesses and documents that potentially are relevant to the claims and counterclaims before the Court.

### The Defendants' Procedural "Objections" Are Meritless

Substantially all of defendants' brief is spent arguing that the Court should not decide this motion because of alleged procedural defects in making the motion. Their insistence upon strict

technical compliance with procedural formalities has more to do with their obvious desire to delay providing initial disclosures or information than with the merits of Great Northern's motion. Regardless of the vehicle through which the substantive dispute between the parties is put before the Court -- this motion, a subsequent motion or a revised discovery plan -- there is a need for the Court to hear the parties' substantive arguments and resolve the dispute.*

Defendants' principal argument is that Great Northern did not meet and confer with them by telephone or in person as contemplated by Local Rule 7(m). Great Northern's counsel acknowledges that the meet and confer should have been done consistent with the rule, and any future meet and confer will be done in the manner described in Rule 7(m). However, there was a substantive meet and confer conducted by email and in good faith, as noted on the first page of the opening brief, consisting of Great Northern's specific objection to defendants' failure to provide initial discovery and its demand that defendants cure their default, and defendants' two-page, detailed letter in response. *See* Defendants' Exs. A and D. That response made clear, as defendants concede in their papers (Br. at 5), that they had no intention of providing initial disclosures or making a substantive

---

\* Had defendants included an objection setting forth a substantive argument in the discovery plan, Great Northern would have responded to that argument and the Court would have been in a position to make a substantive ruling on this dispute without the necessity of this motion. However, defendants did not do this, and, before the motion was made, defendants made clear that they had no intention of doing so. Thus, the only way by which the substance of the dispute could be put before the Court was by this motion. During the discovery planning conference, defendants originally told Great Northern, as reflected in counsel's contemporaneous notes, that they "w/g/b" [will get back] to Great Northern regarding their position on stipulating to dispensing with initial discovery. During that same conversation, defendants were reminded to "understand that any change requires our consent." Thus, defendants should not have been surprised when they received Great Northern's initial discovery, given its refusal to stipulate away that obligation and defendants' failure to lodge an objection. Further, the initial draft of the discovery plan was sent to defendants before they "got back" to Great Northern regarding their initial disclosure obligation. Defendants, therefore, are incorrect when they contend that they were sent a draft plan which did not comport with their expressed views on this matter.

objection to the provision of that discovery. As such, there was nothing further to discuss, and any subsequent telephone call would have been futile. Thus, on these facts, defendants exalt form over substance in complaining about the medium in which the meet and confer took place.

Other courts, when presented with the same argument that defendants advance, including the court whose opinion defendants chiefly rely in support of their argument, have rejected the invitation to deny the motion because the form in which the meet and confer took place was not a telephone call or personal meeting. *See Equal Rights Center v. Post Props., Inc.*, 246 F.R.D. 29, 32 (D.D.C. 2007) (cited by defendants) ("the Court will not dismiss defendants' Motion on . . . grounds" that meet and confer was through written communications); *Doe v. Dist. of Columbia*, 231 F.R.D. 27, 30 (D.D.C. 2005) ("correspondence informing plaintiff of the insufficiency of his discovery" sufficient in context of case to satisfy meet and confer obligation); *cf. U.S. ex rel. Hockett v. Columbia/HCA Healthcare Corp.*, 498 F. Supp. 2d 25, 35 (D.D.C. 2007) (meet and confer obligation waived when "consultation would have been futile").[*] Thus, this Court, too, should reject defendants' request that the motion be denied because of the form of the meet and confer.

Defendants further contend that Great Northern did not confer in good faith. Defendants' Exhibits A and D belie that contention. There was an open and detailed exchange of views regarding the dispute. Defendants additionally argue that Great Northern lacked good faith because it should have informed defendants that it was necessary for them to file an amended Rule 26(f) plan. Putting to the side that Great Northern had no such obligation, defendants concede (Br. at 5) that the only

---

[*] Defendants cite *U.S. ex rel Pogue*, 235 F.R.D. 521, 528 (D.D.C. 2006), at page 6 in their brief, and then say the following regarding this case: "(holding that parties who generated 'an abundance of paper in corresponding about the underlying discovery disputes' but did not 'discuss[ ] the motions in person or by phone' did not comply with Local Civil Rule 7(m))." Neither the quoted words nor the substance of this description is found in the text of that case.

change that they would have made is "to more formally state the word 'object' in the paragraph regarding initial disclosures," where they stated their preference that the parties stipulate away the initial disclosure obligation. Thus, defendants' subsequent communication regarding this matter makes clear that they continued to reject Great Northern's complaint concerning defendants' failure to assert an objection to initial disclosure in the plan (or the discovery planning conference). The allegation that Great Northern did not act in good faith is meritless.

Defendants also argue that they were not provided notice of the motion as required by Fed. R. Civ. P. 37(a)(1). This, too, is a frivolous argument. The notice requirement in the rule refers to giving notice that a motion has been brought before the Court. Great Northern both e-filed and e-served its motion to compel on defendants.

Finally, defendants seek attorneys' fees for submitting a brief opposing this motion that is twice as long as the moving brief. None of the arguments defendants put forward have merit for the reasons discussed above. Further, defendants' application lacks merit, in particular, because motion practice could have been avoided if defendants had followed the rules, instead of attempting to turn a preference into a substantive objection.

For the reasons stated above and in its moving papers, Great Northern respectfully requests that the Court issue an Order:

    a.    compelling defendants to file their initial disclosures as required by Fed. R. Civ. P. 26(a)(1) and LCvR 26.2(a) within five (5) days of the entry of a compulsion order; and

    b.    awarding Great Northern the reasonable costs, including attorneys' fees, incurred in filing this motion.

Dated: February 26, 2008

        Respectfully submitted,

        KORNSTEIN VEISZ WEXLER & POLLARD, LLP

        By: *William B. Pollard, III* (signature)
            William B. Pollard, III
            D.C. Bar No. 947275
        David T. McTaggart (*pro hac vice*)
        757 Third Avenue
        New York, NY 10017
        (212) 418-8600

            -- and --

        Karen Ventrell
        D.C. Bar No. 466150
        ROSS, DIXON & BELL, LLP
        2001 K Street, NW
        Washington, DC 20006
        (202) 662-2000

        *Attorneys for Plaintiff/Counter-Defendant,*
        *Great Northern Insurance Co.*