## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| GREAT NORTHERN INSURANCE CO., Plaintiff-Counterclaim Defendant, | ) ) ) ) | |
| v. | ) ) | Case No. 1:07-cv-01804-EGS |
| JOEL HIRSCH and CAROL HIRSCH, Defendants-Counterclaim Plaintiffs. | ) ) ) ) ) | |

**JOEL AND CAROL HIRSCH'S MOTION TO STAY ALL DISCOVERY UNTIL THE MOTION TO DISMISS HAS BEEN RESOLVED AND THE PLEADINGS CLOSED**

Pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 16.3(c), Defendants-Counterclaim Plaintiffs Joel and Carol Hirsch ("the Hirsches") hereby move this Court to stay all discovery in the above-captioned matter pending resolution of the motion to dismiss the Hirsches' Counterclaim filed by Great Northern Insurance Co. ("Great Northern"), and specifically move this Court to enter a protective order staying the more than one hundred discovery requests served upon the Hirsches by Great Northern on February 7, 2008.

The Hirsches hereby certify that pursuant to Local Rule 7(m), counsel for the Hirsches sent written correspondence regarding this matter and conferred in good faith by telephone with counsel for Great Northern. Unfortunately, the parties were unable to reach agreement and therefore the Hirsches have been forced to file this motion with the Court. Because this motion would have been unnecessary but for Great Northern's refusal to await the Court's entry of a scheduling order in this matter, the Hirsches request that this Court award them their reasonable costs and fees in connection with this motion pursuant to Federal Rule of Civil Procedure 26(c).

2

Dated: March 7, 2008                                    Respectfully submitted,

                                                         /s/ Lorelie S. Masters
                                                          Lorelie S. Masters
                                                          D.C. Bar No. 358686
                                                          Jessica Ring Amunson
                                                          D.C. Bar No. 497223
                                                          JENNER & BLOCK, LLP
                                                          601 13th Street, NW, Suite 1200
                                                          Washington, DC  20005
                                                          Telephone:  (202) 639-6000
                                                          Facsimile:  (202) 661-4993
                                                          E-mail:  lmasters@jenner.com
                                                                   jamunson@jenner.com

                                                          ***Attorneys for Defendants-***
                                                          ***Counterclaim Plaintiffs***
                                                          ***Joel and Carol Hirsch***

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| _____ | ) | |
| GREAT NORTHERN INSURANCE CO., | ) | |
| Plaintiff-Counterclaim Defendant, | ) | |
|  | ) | |
| v. | ) | Case No. 1:07-cv-01804-EGS |
|  | ) | |
| JOEL HIRSCH and CAROL HIRSCH, | ) | |
| Defendants-Counterclaim Plaintiffs. | ) | |
|  | ) | |
| _____ | ) | |

**JOEL AND CAROL HIRSCH'S MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION TO STAY ALL DISCOVERY UNTIL THE MOTION TO DISMISS HAS
BEEN RESOLVED AND THE PLEADINGS CLOSED**

In this insurance coverage dispute, Great Northern Insurance Company ("Great Northern") has at every turn resorted to hardball tactics in an attempt to get its policyholders, Joel and Carol Hirsch ("the Hirsches"), to forfeit their rights under their homeowners' insurance policy. Great Northern has repeatedly demonstrated that it wants to make this matter as contentious and expensive as possible for the Hirsches so that they will eventually surrender to Great Northern. Because of these tactics, the Hirsches have been forced to file this motion.

Despite the fact that the Hirsches requested a stay of discovery in the parties' Local Rule 16.3 discussions and memorialized that request in the joint meet-and-confer statement filed with this Court, and despite the fact that the Court has not yet held a scheduling conference in this matter, or entered a scheduling order ruling on the Hirsches' request for a stay of discovery, Great Northern has propounded voluminous discovery requests on the Hirsches and has demanded the Hirsches' response by March 10, 2008. Thus, the Hirsches hereby request that

this Court enter an order staying all discovery in this case and specifically enter a protective

order regarding the discovery already served upon them by Great Northern.

## BACKGROUND

On October 5, 2007 – almost one year after Great Northern had issued its last payment to

the Hirsches in settlement of the Hirsches' claim under their homeowners insurance policy for

severe damage sustained by their home and its contents during a storm in June 2006 – Great

Northern filed this suit against the Hirsches claiming that it was entitled to repayment of all of

the $280,000 it had paid the Hirsches to repair their home and replace its contents.   Great

Northern alleged that it was due repayment of the entire sum it paid the Hirsches following its

investigation of their claim, and which the Hirsches had spent to repair their home, because the

Hirsches purportedly submitted two documents to Great Northern during the course of the claim

investigation that the company found suspicious.  *See* Docket 1.

On November 28, 2007, the Hirsches filed their answer to Great Northern's complaint.

The Hirsches also filed counterclaims against Great Northern for breach of fiduciary duty, breach

of the duty of good faith and fair dealing, breach of contract, intentional infliction of emotional

distress, and violations of the District of Columbia Consumer Protection Procedures Act, due to

Great Northern's egregious conduct in paying the entirety of the Hirsches' homeowners

insurance claim, waiting until the Hirsches had spent all of the money to repair damage to their

home that Great Northern acknowledged was severe, and then beginning to harass them and file

suit over two purportedly false documents that were never even a part of the claim settlement

paid to the Hirsches.  *See* Docket 8.

The next day – November 29, 2008 – this Court entered an order directing the parties to

meet and confer pursuant to Local Civil Rule 16.3 and Federal Rule of Civil Procedure 26(f) by

January 11, 2008, and to submit a joint meet-and-confer statement to the Court by January 18, 2008. *See* Docket 10.  Local Civil Rule 16.3(c)(1) specifically directed the parties to discuss "whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion." LcvR 16.3(c)(1).

Pursuant to the Court's order, counsel conferred by telephone during the week of January 7, 2008.  Counsel specifically discussed the discovery schedule that should apply to the case and did not reach agreement regarding this issue.  In the discovery plan submitted to the Court on January 18, 2008, the Hirsches took the position that "if any motion to dismiss addressed to [their] Counterclaim is filed with the Court, the discovery period should not begin until after any such motion is resolved and the pleadings have closed." Docket 13 at 2(a).  Great Northern took the position that "discovery should not be delayed or stayed if it moves to dismiss the Counterclaim."  Docket 13 at 2(b).

The Court has not yet ruled on the discovery plan submitted by the parties.  Nor has the Court held a scheduling conference in this matter.  Nonetheless, on February 7, 2008, Great Northern served the Hirsches with the following:  77 requests for admission (attaching 28 exhibits); 17 requests for production of documents; and 14 interrogatories, most of contain subparts.  Great Northern demanded the Hirsches' response to these voluminous discovery requests by March 10, 2008.  Ironically, that same week – on February 12, 2008 – Great Northern filed a motion to compel initial disclosures alleging that its ability to "focus its discovery and facilitate its preparation for trial," had been hampered because of the Hirsches' objection to providing initial disclosures.  Docket 16 at 4.  The Hirsches' objection to providing initial disclosure was also set forth in the discovery plan filed with this Court and a motion regarding this issue also remains pending before this Court.  *See* Docket 18.

Because Great Northern has been unwilling to await this Court's ruling on the discovery plan pending before it, the Hirsches have now been forced to engage in two rounds of unnecessary motions practice, first by opposing Great Northern's motion to compel initial disclosures, *see* Docket 18, and now in moving for a protective order to stay all discovery (and in particular the discovery that Great Northern has already served upon the Hirsches).[1]  The Hirsches therefore request that this Court award them their fees and costs in making this motion pursuant to Federal Rule of Civil Procedure 26(c)(3).

## ARGUMENT

"Clearly, the decision whether to stay discovery is committed to the sound discretion of the district court judge."  *White v. Fraternal Order of Police*, 909 F.2d 512, 517 (D.C. Cir. 1990).  In this District, courts typically stay discovery when a motion to dismiss is pending before the Court.  *See, e.g., Anderson v. United States Attorneys Office*, No. CIV.A. 91-2262, 1992 WL 159186, at *1 (D.D.C. June 19, 1992) ("It is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending."); *Clemmons v. United States Dep't of Homeland Security*, No. 06-518, 2007 WL 2059796, at *1 (D.D.C. July 13, 2007) ("Defendant properly moved for a protective order to stay all discovery until its motion to dismiss is decided. That motion is GRANTED.").  This makes obvious prudential sense.  It would be a waste of both the parties' and the Court's resources to engage in discovery (and the inevitable discovery disputes) over claims that may be dismissed.  Therefore, courts consistently hold that discovery should be stayed while a motion to

---

[1] In response to the Hirsches' argument that Great Northern should await the Court's entry of a scheduling order ruling on the Hirsches' request to stay all discovery before propounding its discovery requests, as is the normal practice in this district, *see* Exhibit A, Great Northern has asserted:  "If the defendants want a stay of discovery, they should seek it the old fashion [sic] way: by formal motion."  Docket 19 at 2 n*.

dismiss is pending.  *See, e.g., Chavous v. District of Columbia Financial Responsibility and Management Assistance Authority*, 201 F.R.D. 1, 2 (D.D.C. 2001) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation marks omitted)); *Maljack Prod., Inc. v. Motion Picture Ass'n of Am.*, No. Civ. A 90-1121, 1990 WL 157900, at *1 (D.D.C. Oct. 3, 1990) ("avoidance of potentially unnecessary discovery is warranted" where a motion to dismiss is pending and plaintiff would not be prejudiced by a stay of discovery pending determination of the motion to dismiss).

In this case, it makes even more sense to stay discovery while Great Northern's motion to dismiss is pending because otherwise the parties would not enter the discovery period on a level playing field.  This case involves both claims and counterclaims.  Great Northern has the benefit of the Hirsches' answer to its complaint; however, Great Northern has not yet answered the Hirsches' counterclaims.  This gives Great Northern both a tactical and a procedural advantage. Tactically, Great Northern now knows which of its allegations are contested by the Hirsches and therefore can focus its resources on pursuing discovery regarding only those matters.  In contrast, the Hirsches do not know which of their allegations are contested by Great Northern and therefore would be forced to expend time and resources pursuing discovery regarding every allegation in their counterclaims.  And when they do pursue this discovery, the Hirsches likely will be faced with procedural objections to their requests on the ground that these are the subject of a pending motion to dismiss, and therefore Great Northern refuses to answer them.  Indeed, during the parties' Rule 16.3 conference, Great Northern already foreshadowed such objections. Thus, it is clear that the Hirsches will not enter discovery on a level playing field with Great Northern.

In the discovery plan jointly submitted to the Court on January 18, 2008, the Hirsches therefore requested that this Court stay all discovery pending resolution of the motion to dismiss and the closure of the pleadings. *See* Docket 13. The Court has not yet ruled on that plan or issued its scheduling order. Because "a discovery deadline has not yet been set by the Court . . . it is unlikely that a stay of discovery will harm either of the parties." *Maljack*, 1990 WL 157900, at *1. It is equally unlikely that Great Northern "will be prejudiced by deferring discovery until a determination is made with respect to the pending motion to dismiss." *Id.* After all, Great Northern waited almost a year to file this suit despite knowing of the Hirsches allegedly "fraudulent" conduct the entire time. Moreover, the Hirsches "seek[] a stay of discovery only for a limited period of time, *i.e.* until the pending motion to dismiss is decided." *Id.* "Under these circumstances," it is "appropriate to stay discovery." *Id.*

It is especially appropriate to issue a protective order staying the more than *one hundred* discovery requests that Great Northern demands the Hirsches answer by March 10, 2008. Great Northern propounded these voluminous requests on the Hirsches despite the fact that the Court had not yet entered a scheduling order in this matter ruling on the Hirsches request to stay all discovery. When the Hirsches informed Great Northern that it viewed these requests as premature and would not answer them until after the Court issued its scheduling order in this matter, Great Northern insisted that the Hirsches must file a motion for a protective order. *See* Exhibit A; Docket 19 at 2 n*. But the discovery requests propounded to the Hirsches are obviously premature and this Court should enter an order to that effect. *See Wada v. United States Secret Service*, 525 F. Supp. 2d 1, 11 (D.D.C. 2007) ("This Court has not held an initial scheduling conference because of the pending motions to dismiss, has not entered a scheduling

order, and it is clear that the parties have . . . no[t] agreed to conduct discovery. As a result, Plaintiff's efforts to pursue written discovery in this action are premature.").

Because Great Northern has refused to simply await the Court's decision on the discovery plan pending before it and has instead insisted that the Hirsches file this motion, *see* Docket 19 at 2 n\*, the Hirsches hereby request that this Court award them their costs and fees for filing this motion. *See* Fed. R. Civ. P. 26(c)(3).

## CONCLUSION

For the foregoing reasons, the Hirsches respectfully request that this Court enter an Order staying all discovery in this matter until after the motion to dismiss the Hirsches' Counterclaims is resolved and the pleadings have closed. The Hirsches specifically request that this Court enter a protective order regarding the discovery requests already propounded by Great Northern and to which Great Northern demands an answer by March 10, 2008. Moreover, the Hirsches request that this Court award them their reasonable costs and fees in connection with this motion.

Dated: March 7, 2008                               Respectfully submitted,

                                                         /s/ Lorelie S. Masters
                                                   Lorelie S. Masters
                                                   D.C. Bar No. 358686
                                                   Jessica Ring Amunson
                                                   D.C. Bar No. 497223
                                                   JENNER & BLOCK, LLP
                                                   601 13th Street, NW, Suite 1200
                                                   Washington, DC  20005
                                                   Telephone:  (202) 639-6000
                                                   Facsimile:  (202) 661-4993
                                                   E-mail:  lmasters@jenner.com
                                                           jamunson@jenner.com

                                                   *Attorneys for Defendants-*
                                                   *Counterclaim Plaintiffs*
                                                   *Joel and Carol Hirsch*

9

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of March, 2008, I caused the foregoing to be filed using the Court's Electronic Case Filing (ECF) system, which will automatically send notice of such filing to counsel of record in this case.

_____/s/ Jessica Ring Amunson_____

Jessica Ring Amunson
D.C. Bar No. 497223
JENNER & BLOCK, LLP
601 13th Street, NW, Suite 1200 South
Washington, DC  20005
Telephone:  (202) 639-6000
Facsimile:  (202) 661-4993
E-mail:  jamunson@jenner.com

*Attorney for Defendants-*
*Counterclaim Plaintiffs*
*Joel and Carol Hirsch*

# JENNER&BLOCK

February 20, 2008

**VIA EMAIL AND FIRST-CLASS MAIL**

Jenner & Block LLP     Chicago
601 Thirteenth Street, NW   Dallas
Suite 1200 South        New York
Washington, DC 20005    Washington, DC
Tel 202-639-6000
www.jenner.com

William B. Pollard, III
David T. McTaggart
Kornstein, Veisz ,Wexler & Pollard, LLP
757 Third Avenue
New York, NY 10017-2013

Jessica Ring Amunson
Tel 202 639-6023
Fax 202 661-4993
jamunson@jenner.com

Re:    *Great Northern Insurance Co. v. Joel and Carol Hirsch*, Case No. 1:07-cv-01804-EGS (D.D.C.)

Gentlemen:

As stated in the Hirsches' response to Great Northern's motion to compel, which was filed yesterday, we believe that the interrogatories, requests for production, and requests for admission, which were propounded upon counsel for the Hirsches on February 7, 2008, and which request a response within 30 days from the date of service are clearly inappropriate while the Hirsches' request to stay discovery is still pending before the Court.

As you are well-aware, in the Joint Rule 16.3 Report submitted to the Court on January 18, 2008, the Hirsches quite clearly stated their position (as called for under Rule 16.3(c)(1)) that if Great Northern filed a motion to dismiss, all discovery should be stayed until the motion was resolved and the pleadings closed. Otherwise, Great Northern would have the advantage of the Hirsches' Answer to its Complaint when propounding discovery requests, while the Hirsches would be at a distinct disadvantage in having no Answer from Great Northern to their Counterclaims. The Hirsches' position regarding a stay of discovery was conveyed to you repeatedly during our telephone conversations and is set forth in writing with the Court. The Court has not yet ruled on the Hirsches' proposal to stay discovery pending resolution of the motion to dismiss and closure of the pleadings. Unless and until the Court issues a scheduling order in this matter allowing discovery to go forward, your discovery requests are premature.

Consistent with our obligations under Local Rule 7(m), we would like to confer with you regarding the foregoing and ascertain your position and to determine whether it will be necessary for the Hirsches to file a motion for a protective order with the Court. Please contact either me or Lorie at your earliest convenience.

Very truly yours,

Jessica Ring Amunson

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| GREAT NORTHERN INSURANCE CO.,<br>Plaintiff-Counterclaim Defendant, | )<br>)<br>)<br>) |  |
| v. | ) | Case No. 1:07-cv-01804-EGS |
| JOEL HIRSCH and CAROL HIRSCH,<br>Defendants-Counterclaim Plaintiffs. | )<br>)<br>)<br>)<br>) |  |

### [PROPOSED] ORDER ON MOTION TO STAY DISCOVERY

This matter having come before the Court on Defendants-Counterclaim Plaintiffs Joel and Carol Hirsch's ("the Hirsches'") motion to stay all discovery until Great Northern Insurance Company's ("Great Northern's") motion to dismiss their counterclaims has been resolved and the pleadings have closed, and the Court having considered same, it is hereby ORDERED that the Hirsches' motion to stay all discovery is GRANTED;

(1)     Discovery is hereby stayed in this case until Great Northern's motion to dismiss has been resolved and the pleadings have closed;

(2)     The deadlines set forth in the Federal Rules of Civil Procedure for any discovery requests already propounded by Great Northern upon the Hirsches are hereby rescinded;

(3)     As required by Federal Rule of Civil Procedure 12(a)(4)(A), Great Northern must file an answer to the Hirsches' counterclaims within ten (10) days after notice of the Court's resolution of its motion to dismiss;

(4)     Once Great Northern's answer to the Hirsches' counterclaims is filed, the parties shall meet and confer and shall file with the Court a revised discovery plan setting forth a discovery schedule as required by Local Civil Rule 16.3(8).

2

(5)    The Hirsches shall be awarded their reasonable fees and costs related to making

this motion.

SO ORDERED this _____ day of _____, 2008

_____
The Honorable Emmet G. Sullivan

Copies to:  Counsel of record via ECF

2