William B. Pollard, III (D.C. Bar No. 947275)
David T. McTaggart (*pro hac vice*)
Kornstein Veisz Wexler & Pollard, LLP
757 Third Avenue
New York, New York 10017
(212) 418-8600

        and

Karen Ventrell, Esq. (DC Bar No. 466150)
ROSS, DIXON & BELL, LLP
2001 K Street, N.W.
Washington, D.C. 20006-1040
Telephone: (202) 662-2000

UNITED STATES DISTRICT COURT
THE DISTRICT OF
------------------------------------------------------------------X
GREAT NORTHERN INSURANCE COMPANY,   :
                                                          :
       Plaintiff and Counter-Defendant,   :
                                                          :      Case No: 1:07-cv-01804-EGS
       -against-                        :
                                                          :      **REPLY TO COUNTERCLAIM**
JOEL HIRSCH and CAROL HIRSCH,     :
                                                          :
       Defendants and Counter-Plaintiffs.  :
------------------------------------------------------------------X

       Plaintiff and Counter-Defendant Great Northern Insurance Company, by its attorneys Kornstein Veisz Wexler & Pollard, LLP, for its Reply to the Counterclaim filed by Defendants and Counter-Plaintiffs Joel and Carol Hirsch:

       1.      Denies the allegations in paragraph 1 of the Counterclaim.

       2.      Denies the allegations in paragraph 2 of the Counterclaim, except admits that, on or about June 26, 2006, the Hirsches notified Great Northern of an insurance claim under the Master Deluxe Insurance Policy, that they provided certain, but not all, documentation requested

by Great Northern's claims-handler Larry Babinski, that Babinski handled the Hirsches' claim, that Great Northern advanced the Hirsches $280,065.39 toward settlement of that claim, and that Great Northern now seeks to recover all of the money it paid to the Hirsches.

3. Denies the allegations in paragraph 3 of the Counterclaim.

4. Denies the allegations in paragraph 4 of the Counterclaim, except those portions of the paragraph that call for a legal conclusion, as to which Great Northern neither admits nor denies.

5. Admits the allegations in paragraph 5 of the Counterclaim.

6. Admits the allegations in paragraph 6 of the Counterclaim, except for the characterizations of the insurance policy as to which it neither admits nor denies but refers to that document for its terms, conditions, exclusions and tenor, and denies that Great Northern is a subsidiary of The Chubb Group of Insurance Companies.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Counterclaim.

8. Admits the allegations in paragraph 8 of the Counterclaim.

9. Denies the allegations in the first sentence of paragraph 9 of the Counterclaim, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of paragraph 9 of the Counterclaim.

10. Admits the allegations in paragraph 10 of the Counterclaim.

11. Neither admits nor denies the allegations in paragraph 11 of the Counterclaim but refers to the insurance policy for its terms, conditions, exclusions and tenor.

12. Neither admits nor denies the allegations in paragraph 12 of the Counterclaim but

refers to the insurance policy for its terms, conditions, exclusions and tenor.

13.  Neither admits nor denies the allegations in paragraph 13 of the Counterclaim but refers to the insurance policy for its terms, conditions, exclusions and tenor.

14.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Counterclaim, and refers to any such promotional material for its terms and tenor.

15.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Counterclaim.

16.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Counterclaim, except admits that the Hirsch residence suffered water damage on June 25, 2006.

17.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Counterclaim.

18.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Counterclaim, except admits that Hirsch made a timely claim in the Summer of 2006 under his Master Deluxe Insurance Policy concerning claims storm damage.

19.  Admits the allegations in paragraph 19 of the Counterclaim except as to the characterization of damage as "extensive," which Great Northern denies.

20.  Denies the allegations in paragraph 20 of the Counterclaim, except admits that Mr. Babinski visited the Hirsches' home and that, thereafter, Hirsch sent photographs to Mr. Babinski.

21. Denies the allegations in paragraph 21 of the Counterclaim, except admits that Mr. Babinski sent Hirsch an e-mail on July 2, 2006 and refers to that document for its contents.

22. Denies the allegations in paragraph 22 of the Counterclaim, except admits that Hirsch sent Mr. Babinski certain documents in July of 2006 and refers to those documents for their contents.

23. Denies the allegations in paragraph 23 of the Counterclaim.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Counterclaim.

25. Denies the allegations in paragraph 25 of the Counterclaim, except admits that Great Northern issued check number 2508959 in the amount of $50,000 to Joel Hirsch on July 19, 2006.

26. Denies the allegations in paragraph 26 of the Counterclaim, except admits that Mr. Babinski advised Hirsch on July 19, 2006 that Great Northern would be sending Hirsch a check, and that Hirsch sent Babinski e-mails on July 28, 2006 and on August 3, 2006, and refers to those documents for their contents.

27. Denies the allegations in paragraph 27 of the Counterclaim, except admits that Hirsch sent Mr. Babinski an e-mail with attachments on August 10, 2006, including a purported bill from Juenemann Painting for $6,650, and refers to those documents for their contents.

28. Denies the allegations in paragraph 28 of the Counterclaim, except admits that Hirsch sent Mr. Babinski an e-mail with attachments on August 14, 2006, and refers to those documents for their contents.

29. Denies the allegations in paragraph 29 of the Counterclaim, except admits that

Mr. Babinski sent Hirsch and e-mail with attachments on August 18, 2006, and refers to those documents for their contents.

30. Denies the allegations in paragraph 30 of the Counterclaim, except admits that on August 23, 2006, Great Northern issued three checks to Joel Hirsch: check number 2602155 in the amount of $129,104, check number 2599965 in the amount of $19,489, and check number 2599935 in the amount of $16,705.61.

31. Denies the allegations in paragraph 31 of the Counterclaim, except admits that Hirsch sent Mr. Babinski an e-mail on August 24, 2006, and refers to that document for its contents.

32. Denies the allegations in paragraph 32 of the Counterclaim, except admits that Great Northern issued check number 26932000 in the amount of $28,705 to Joel Hirsch on August 28, 2006.

33. Denies the allegations in the first sentence of paragraph 33 of the Counterclaim, except admits that Hirsch sent Mr. Babinski an e-mail on September 17, 2006, and refers to that document for its contents, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in second sentence of paragraph 33 of the Counterclaim.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Counterclaim.

35. Denies the allegations in paragraph 35 of the Counterclaim, except admits that Hirsch sent Mr. Babinski an e-mail on September 27, 2006, and refers to that document for its contents.

36. Denies the allegations in paragraph 36 of the Counterclaim.

37. Denies the allegations in paragraph 37 of the Counterclaim, except admits that Hirsch and Mr. Babinski exchanged e-mails on October 9, 2006, and refers to those documents for their contents, and admits that Great Northern never issued any payment to the Hirsches for decorative doors.

38. Denies the allegations in paragraph 38 of the Counterclaim, except admits that Hirsch and Mr. Babinski exchanged e-mails on October 25, 2006, and refers to those documents for their contents, and admits that Great Northern never issued any payment to the Hirsches in connection with Wentworth project management services.

39. Denies the allegations in paragraph 39 of the Counterclaim, except admits that Great Northern issued check number 2758135 in the amount of $12,025 to Joel Hirsch on October 23, 2006.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in first sentence of paragraph 40 of the Counterclaim, admits that it advanced the Hirsches $280,065.39 toward settlement of their claim, and otherwise denies the allegations in paragraph 40 of the Counterclaim.

41. Denies the allegations in paragraph 41 of the Counterclaim, except admits that it advanced the Hirsches $280,065.39 toward settlement of their claim.

42. Denies the allegations in paragraph 42 of the Counterclaim.

43. Denies the allegations in paragraph 43 of the Counterclaim.

44. Denies the allegations in paragraph 44 of the Counterclaim, except those portions of the paragraph that call for a legal conclusion, as to which Great Northern neither admits nor denies, and admits it never paid the Hirsches for the repair or replacement of decorative doors or

for Wentworth project management services.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 45 of the Counterclaim, except admits that Dan Jaeger of Great Northern and Chris Haven of Minkoff Construction visited Mr. Hirsch on December 11, 2006 and asked to photograph certain items including decorative doors, and admits the allegations in the second sentence of paragraph 45 of the Counterclaim.

46. Denies the allegations in paragraph 46 of the Counterclaim, except admits that, in a December 11, 2006 interview, Mr. Jaeger asked Mr. Hirsch about decorative doors and about a proposal for project management services purporting to be from Wentworth, Inc.

47. Denies the allegations in paragraph 47 of the Counterclaim.

48. Denies the allegations in paragraph 48 of the Counterclaim, except admits that Hirsch sent Mr. Jaeger an e-mail on December 11, 2006, and refers to that document for its contents.

49. Denies the allegations in paragraph 49 of the Counterclaim, except admits that Mr. Jaeger sent Hirsch a letter on December 14, 2006, and refers to that document for its contents, and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning when Hirsch received the letter.

50. Denies the allegations in paragraph 50 of the Counterclaim, except admits that Cozen and O'Connor sent Joel and Carol Hirsch a letter on December 28, 2006, and refers to the document for its contents.

51. Denies the allegations in paragraph 51 of the Counterclaim, except admits that counsel for the Hirsches sent Cozen and O'Connor a letter on January 12, 2007, and refers to the

document for its contents, and admits that Chubb paid the Hirsches in connection with the prior claim discussed in such letter.

52. Denies the allegations in paragraph 52 of the Counterclaim, except admits that counsel for Great Northern sent counsel for the Hirsches a letter on January 23, 2007, and refers to that document for its contents.

53. Denies the allegations in paragraph 53 of the Counterclaim, except admits that counsel for Great Northern sent letters on December 28, 2007, January 23, 2007, February 8, 2007, February 23, 2007, March 14, 2007, April 7, 2007, and May 16, 2007, that counsel for the Hirsches responded to each such letter, and refers to those documents for their contents.

54. Denies the allegations in paragraph 54 of the Counterclaim, except admits that Hirsch was served with a lawsuit and refers to the Complaint in that action for what is contained therein.

55. Denies the allegations in paragraph 55 of the Counterclaim.

56. Denies the allegations in the first sentence of paragraph 56 of the Counterclaim, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in the remaining sentences in paragraph 56 of the Counterclaim.

57. Repeats and realleges the paragraphs hereof responsive to the paragraphs repeated and realleged in paragraph 57 of the Counterclaim.

58. Neither admits nor denies the allegations in paragraph 58 of the Counterclaim, which call for a legal conclusion. To the extent that an answer is required, denies the allegations in paragraph 58 of the Counterclaim, except admits that it was Joel and Carol Hirsch's insurer.

59. Neither admits nor denies the allegations in paragraph 59 of the Counterclaim,

which call for a legal conclusion.

60. Neither admits nor denies the allegations in paragraph 60 of the Counterclaim, insofar as they call for a legal conclusion. To the extent that an answer is required, denies the allegations in paragraph 60 of the Counterclaim.

61. Neither admits nor denies the allegations in paragraph 61 of the Counterclaim, which call for a legal conclusion.

62. Neither admits nor denies the allegations in paragraph 62 of the Counterclaim, insofar as they call for a legal conclusion. To the extent that an answer is required, denies the allegations in paragraph 62 of the Counterclaim.

63. Neither admits nor denies the allegations in paragraph 63 of the Counterclaim, insofar as they call for a legal conclusion. To the extent that an answer is required, denies the allegations in paragraph 63 of the Counterclaim.

64. Neither admits nor denies the allegations in paragraph 64 of the Counterclaim, insofar as they call for a legal conclusion. To the extent that an answer is required, denies the allegations in paragraph 64 of the Counterclaim.

65. Repeats and realleges the paragraphs hereof responsive to the paragraphs repeated and realleged in paragraph 65 of the Counterclaim.

66. Admits the allegations in paragraph 66 of the Counterclaim, but only as of June 25, 2006.

67. Neither admits nor denies the allegations in paragraph 67 of the Counterclaim, which call for a legal conclusion.

68. Neither admits nor denies the allegations in paragraph 68 of the Counterclaim,

which call for a legal conclusion.

69. Neither admits nor denies the allegations in paragraph 69 of the Counterclaim, insofar as they call for a legal conclusion, and denies the balance of the allegations in paragraph 69 of the Counterclaim.

70. Neither admits nor denies the allegations in paragraph 70 of the Counterclaim, which call for a legal conclusion.

71. Neither admits nor denies the allegations in paragraph 71 of the Counterclaim, insofar as they call for a legal conclusion. To the extent that an answer is required, denies the allegations in paragraph 71 of the Counterclaim.

72. Neither admits nor denies the allegations in paragraph 72 of the Counterclaim, insofar as they call for a legal conclusion. To the extent that an answer is required, denies the allegations in paragraph 72 of the Counterclaim.

73. Neither admits nor denies the allegations in paragraph 73 of the Counterclaim, insofar as they call for a legal conclusion. To the extent that an answer is required, denies the allegations in paragraph 73 of the Counterclaim.

74. Neither admits nor denies the allegations in paragraph 74 of the Counterclaim, insofar as they call for a legal conclusion. To the extent that an answer is required, denies the allegations in paragraph 74 of the Counterclaim.

75. Repeats and realleges the paragraphs hereof responsive to the paragraphs repeated and realleged in paragraph 75 of the Counterclaim.

76. Denies the allegations in paragraph 76 of the Counterclaim.

77. Denies the allegations in paragraph 77 of the Counterclaim.

...

78. Neither admits nor denies the allegations in paragraph 78 of the Counterclaim, insofar as they call for a legal conclusion. To the extent that an answer is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78 of the Counterclaim.

79. Neither admits nor denies the allegations in paragraph 79 of the Counterclaim, insofar as they call for a legal conclusion. To the extent that an answer is required, denies the allegations in paragraph 79 of the Counterclaim.

80. Repeats and realleges the paragraphs hereof responsive to the paragraphs repeated and realleged in paragraph 80 of the Counterclaim.

81. Admits the allegations in paragraph 81 of the Counterclaim, but only as of June 25, 2006.

82. Neither admits nor denies the allegations in paragraph 82 of the Counterclaim, insofar as they call for a legal conclusion. To the extent that an answer is required, denies the allegations in paragraph 82 of the Counterclaim.

83. Neither admits nor denies the allegations in paragraph 83 of the Counterclaim, insofar as they call for a legal conclusion. To the extent that an answer is required, denies the allegations in paragraph 83 of the Counterclaim.

84. Repeats and realleges the paragraphs hereof responsive to the paragraphs repeated and realleged in paragraph 84 of the Counterclaim.

85. Neither admits nor denies the allegations in paragraph 85 of the Counterclaim, insofar as they call for a legal conclusion.

86. Neither admits nor denies the allegations in paragraph 86 of the Counterclaim,

insofar as they call for a legal conclusion. To the extent that an answer is required, denies the allegations in paragraph 86 of the Counterclaim.

87. Neither admits nor denies the allegations in paragraph 87 of the Counterclaim, insofar as they call for a legal conclusion. To the extent that an answer is required, denies the allegations in paragraph 87 of the Counterclaim.

88. Neither admits nor denies the allegations in paragraph 88 of the Counterclaim, insofar as they call for a legal conclusion. To the extent that an answer is required, denies the allegations in paragraph 88 of the Counterclaim.

89. Neither admits nor denies the allegations in paragraph 89 of the Counterclaim, insofar as they call for a legal conclusion. To the extent that an answer is required, denies the allegations in paragraph 89 of the Counterclaim.

<u>FIRST AFFIRMATIVE DEFENSE</u>

90. The Counterclaim fails to state a claim upon which relief may be granted.

<u>SECOND AFFIRMATIVE DEFENSE</u>

91. The Counterclaim is barred because the Hirsches have incurred no damages.

<u>THIRD AFFIRMATIVE DEFENSE</u>

92. The Counterclaim is barred because it alleges only speculative damages.

<u>FOURTH AFFIRMATIVE DEFENSE</u>

93. The Counterclaim is barred by the doctrine of unclean hands.

<u>FIFTH AFFIRMATIVE DEFENSE</u>

94. The Counterclaim is barred because a judgment in the Hirsches favor would result in an unjust enrichment of the Hirsches.

SIXTH AFFIRMATIVE DEFENSE

95. The Counterclaim fails to plead with particularity the causes of action sounding in fraud or fiduciary duty.

Dated: New York, New York
July 9, 2008

Respectfully submitted,

KORNSTEIN VEISZ WEXLER & POLLARD, LLP

By: _____
William B. Pollard, III
D.C. Bar No. 947275
David T. McTaggart (*pro hac vice*)
757 Third Avenue
New York, NY 10017
(212) 418-8600

-- and --

Karen Ventrell
D.C. Bar No. 466150
ROSS, DIXON & BELL, LLP
2001 K Street, NW
Washington, DC 20006
(202) 662-2000

*Attorneys for Plaintiff/Counter-Defendant,*
*Great Northern Insurance Co.*

TO: JENNER & BLOCK, LLP
Lorelie S. Masters, Esq.
601 13th Street, NW, Suite 1200
Washington, DC 20005

*Attorneys for Defendants/Counter-Plaintiffs*