UNITED STATES DISTRICT COURT
THE DISTRICT OF COLUMBIA
-----------------------------------------------------------------X
GREAT NORTHERN INSURANCE COMPANY, :
:
:
Plaintiff and Counter-Defendant, :
: Case No: 1:07-cv-01804-EGS
-against- :
:
JOEL HIRSCH and CAROL HIRSCH, :
:
Defendants and Counter-Plaintiffs. :
-----------------------------------------------------------------X

### GREAT NORTHERN'S MEMORANDUM OF LAW IN PARTIAL OPPOSITION TO DEFENDANTS' MOTION TO FOR ADDITIONAL TIME TO RESPOND TO GREAT NORTHERN'S DISCOVERY DEMANDS

At the conclusion of the April 24, 2008 conference with the parties, the Court allowed defendants Joel Hirsch and Carol Hirsch (collectively, the "Hirsches") 45 days from the end of a continued stay period in which to provide responses to Great Northern Insurance Company's ("Great Northern") discovery demands. Those demands had been served on defendants in early February, 2008.[*] Subsequently, the Court issued an order continuing a stay in this action until June 25, 2008 to permit an early neutral evaluation ("ENE") of the instant dispute. *See* D.E. 22. Thus, the 45 day period expires on August 9, 2008. However, because that day is a Saturday, by rule defendants' time to respond is extended to August 11, 2008.

On July 23, 2008, defendants' counsel requested "a two-week extension of the Hirsches' time

---

[*] On March 10, 2008, the day that defendants' responses originally were due, they sought an order staying their obligation to respond. The Court granted the motion that day without hearing from Great Northern.

2172088BRIDTM.00005.wpd

to respond to Great Northern's discovery from July 25, 2008, to August 8, 2008 (expiration of stay on June 25, plus 30 days)." Great Northern responded that the Court already had provided them that time to respond to discovery demands that were served nearly six months ago. Less than a week later, the defendants again asked Great Northern for an extension of time. This request was for three weeks to September 2, 2008. For the reasons explained below, we told the defendants that this was too long to wait for their responses, but in a spirit of compromise, we offered an additional week from the date (August 8) that they first proposed. Defendants rejected our offer. This motion followed seeking, in essence, four additional weeks (from Monday, August 11 to Friday, September 5) to respond to Great Northern's discovery demands.

The purported reason that defendants need this additional time is that the parties were engaged in an early neutral evaluation ("ENE") of their dispute "which . . . continued well beyond the June 25, 2008 stay deadline" set by the Court to facilitate the ENE process. This is simply not true. Great Northern's last substantive communication in the ENE process, which at that point was more settlement conference than evaluation, was on July 1, 2008.

At that time, the that parties were far apart on settlement, and, through the evaluator, Great Northern made clear to defendants that, unless they changed their settlement position, there would be no settlement. Great Northern also told the Hirsches directly on July 1, 2008, that, while Great Northern would agree to continue the effort to settle the case, it would "not agree to a reimposition of the stay in this case. That stay expired on June 25, and it is now time, in the absence of a settlement, for discovery to move forward." Thus, the Hirsches knew a month ago that if there was no settlement they would be required to respond to the long outstanding discovery demands on August 11, 2008. There have been no substantive settlement discussions between the parties since

2

July 1. As such, the defendants cannot in good faith claim that their "engagement in the neutral evaluation process provides good cause and reasonable justification" for seeking additional time to respond to Great Northern's discovery demands.

Defendants, admittedly, have done nothing to prepare their responses for Great Northern's discovery demands. By seeking to further delay, the defendants shift the burden of their wasted time onto Great Northern. Simply put, Great Northern can not move forward with preparing its case until the defendants have responded to the outstanding discovery demands. Saying that discovery continues "well" into next year (which is not true) and, thus, that there is no harm to providing defendants additional time is unfounded. The Court's scheduling order makes clear that it expect this case to be trial ready by the March 16, 2009 discovery cut off date. Every day that is lost because defendants did nothing to obey the Court's date for providing their responses is a day that is taken from Great Northern to prepare its case.

Thus, for the stated reasons, Great Northern opposes defendants' request to extend their time to respond to the outstanding discovery demands four additional weeks to September 5, 2008. As noted, a week ago defendants requested that Great Northern agree to extend their time to August 8,

2008. Great Northern does not object to extending defendants' time to August 15, 2008, an additional week from their original requested date.

Dated: July 31, 2008
    New York, New York

Respectfully submitted,

KORNSTEIN VEISZ WEXLER & POLLARD, LLP

By *[signature]* William B. Pollard
William B. Pollard, III
D.C. Bar No. 947275
David T. McTaggart (*pro hac vice*)
757 Third Avenue
New York, NY 10017
(212) 418-8600

-- and --

Karen Ventrell
D.C. Bar No. 466150
ROSS, DIXON & BELL, LLP
2001 K Street, NW
Washington, DC 20006
(202) 662-2000

***Attorneys for Plaintiff/Counter-Defendant,
Great Northern Insurance Co.***