IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| GREAT NORTHERN INSURANCE CO., <br> Plaintiff, <br><br> v. <br><br> JOEL HIRSCH and CAROL HIRSCH, <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) Case No. 1:07-cv-01804-EGS <br> ) <br> ) <br> ) <br> ) <br> ) |

## DEFENDANTS/COUNTERCLAIM-PLAINTIFFS' REPLY MOTION FOR EXTENSION OF TIME TO RESPOND AND REPLY TO DISCOVERY DEMANDS FILED BY GREAT NORTHERN INSURANCE CO.

Defendants/Counter-Plaintiffs Joel and Carol Hirsch ("Hirsches") submit this Reply in order to address several points raised by Great Northern in their Memorandum of Law in Partial Opposition to Defendants' Motion for Additional Time to Respond to Great Northern's Discovery Demands ("GN Opp.").

*First*, the Hirsches take strong exception to Great Northern's characterization of the discussions that occurred during the Early Neutral Evaluation ("ENE") process, and their related attempt to portray the Hirsches as the obstinate party that would not negotiate. GN Opp. at 2. The Hirsches actively participated in this process and made an offer to Great Northern in good faith, and Great Northern at no time, in our view, responded in kind. To be clear, Great Northern made no counteroffer, despite solicitations of a counteroffer by the mediator. Defendants' counsel had refrained from discussing the content of the ENE negotiations, understanding them to be confidential, but given that Great Northern has made statements about them on the public record, counsel believes it is important to set forth our position in response to what we believe are less than complete representations about those negotiations.

*Second*, Great Northern is plainly wrong in claiming that the ENE process terminated with their July 1, 2008 letter. GN Opp. at 2. Though that is the date of Great Northern's last communication with the evaluator, the Hirsches continued to actively participate for the next two weeks through discussions with the evaluator and counsel.

*Third*, Great Northern's characterization of its discovery demands as "long outstanding" is misleading. GN Opp. at 2. Though Great Northern did initially serve its discovery in February, this Court ordered that discovery stayed until it ruled on Great Northern's Motion to Dismiss. Great Northern implies that despite the stay -- which remained in place until June 25 -- the Hirsches should have been working on their responses. This simply belies logic, for the purpose of the stay is to prevent the parties from having to engage in the discovery process unless and until the stay is lifted. Any insinuation that the Hirsches are somehow negligent or delinquent for not working on their responses while the stay was in place, or that their not doing so wrongfully delayed the progress this case, is wholly inappropriate.

*Fourth*, Great Northern's implication that the Hirsches "have done nothing to prepare their responses for Great Northern's discovery demands" is patently false. GN Opp. at 3. Great Northern served upon the Hirsches 77 requests for admission, 14 multi-part interrogatories (some with as many as 10 subparts), and 33 document demands (some with as many as 6 subparts). The Hirsches have in fact begun gathering the necessary information and responding to these demands; however, considering the burdensome nature of the information demanded, they are requesting additional time to complete their responses.

*Finally*, as explained in their initial Motion, the Hirsches request the additional time to both sufficiently address the extensive discovery demands and to accommodate the travel schedules of the Hirsches and their counsel. Conflicting schedules leave only a select few days in August where both clients and counsel are available to meet with one another. Given that the

discovery cut-off is March 16, 2009, the Hirsches' requested extension presents no prejudice to Great Northern and will conserve certainly the Hirsches' resources in a case that, given the amount of money at stake, and the many months of discovery remaining in the schedule, does not require immediate responses to Great Northern's extensive discovery requests.

Thus, for the foregoing reasons, as well as those set forth in the Hirsches' Motion for Extension of Time, the Hirsches respectfully request a stay of discovery until September 5, 2008.

Respectfully submitted:

   /s/ Lorelie S. Masters   8/01/08
DATE
Lorelie S. Masters
D.C. Bar No. 358686
Carrie F. Apfel
D.C. Bar No. 974342
JENNER & BLOCK, LLP
1099 New York Avenue, NW, Suite 900
Washington, DC 20001
(202) 639-6000

*Attorneys for Defendants/Counterclaim Plaintiffs Joel and Carol Hirsch*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREAT NORTHERN INSURANCE CO., ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JOEL HIRSCH and CAROL HIRSCH, ) <br> Defendants. ) | Case No. 1:07-cv-01804-EGS |

## [PROPOSED] ORDER

Defendants/Counterclaim-Plaintiffs' Motion for Extension of Time to Respond and Reply to the Discovery Demands Filed By Great Northern Insurance Co. having come before the Court and the Court having considered same,

IT IS HEREBY ORDERED that the extension of time is GRANTED. Defendants/Counterclaim Plaintiffs Joel and Carol Hirsch shall respond to Great Northern's discovery demands by September 5, 2008.

Entered this _____ day of _____, 2008.

_____

The Honorable Emmet G. Sullivan

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this the 1st day of August, 2008, I caused the foregoing to be filed using the Court's Electronic Case Filing (ECF) system, which will automatically send notice of such filing to counsel of record in this case.

                                                 /s/ Lorelie S. Masters
                                                 Lorelie S. Masters
                                                 D.C. Bar No. 358686
                                                 JENNER & BLOCK, LLP
                                                 1099 New York Avenue, NW, Suite 900
                                                 Washington, DC  20001
                                                 (202) 639-6000
                                                 lmasters@jenner.com

                                               *Attorney for Defendants/Counterclaim*
                                               *Plaintiffs  Joel and Carol Hirsch*