## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| GREAT NORTHERN INSURANCE CO., | ) | |
| Plaintiff and Counter Defendant, | ) | |
| | ) | |
| v. | ) | Case No. 1:07-cv-01804-EGS |
| | ) | |
| JOEL HIRSCH and CAROL HIRSCH, | ) | |
| Defendants and Counter Plaintiffs | ) | |

## JOINT MOTION OF THE PARTIES REGARDING CONFIDENTIALITY ORDER

On August 20, 2008, the undersigned agreed upon the form of a Confidentiality Order to facilitate the discovery process while protecting sensitive information from disclosure. *See* Confidentiality Order (attached). The Parties hereby jointly move this Court to adopt this Confidentiality Order and its provisions for protecting confidential information.

Respectfully submitted:

_/s/ William B. Pollard, III_      08/25/08
                                    DATE
William B. Pollard, III
D.C. Bar No. 947275
David T. McTaggart (*pro hac vice*)
KORNSTEIN VEISZ WEXLER & POLLARD, LLP
757 Third Avenue
New York, NY 10017
(212) 418-9600

Karen Ventrell
D.C. Bar No. 466150
ROSS, DIXON & BELL, LLP
2001 K Street, NW
Washington, DC  20006
(202) 662-2000

*Attorneys for Plaintiff/Counter-Defendant,*
*Great Northern Insurance Co.*

_/s/ Lorelie S. Masters_   08/25/08
                                    DATE
Lorelie S. Masters
D.C. Bar No. 358686
Carrie F. Apfel
D.C. Bar No. 974342
JENNER & BLOCK, LLP
601 13th Street, NW, Suite 1200
Washington, DC  20005
(202) 639-6000

*Attorneys for Defendants/*
*Counter-Plaintiffs,*
*Joel and Carol Hirsch*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| GREAT NORTHERN INSURANCE CO., <br>     Plaintiff and Counter-Defendant, <br><br>         v. <br><br> JOEL HIRSCH and CAROL HIRSCH, <br>     Defendants and Counter-Plaintiffs | ) ) ) ) ) ) ) ) ) ) ) | Case No. 1:07-cv-01804-EGS |

## [PROPOSED] CONFIDENTIALITY ORDER

This Confidentiality Order, to which Plaintiff/Counter-Defendant Great Northern Insurance Co. ("Great Northern") and Defendants/Counter-Plaintiffs Joel and Carol Hirsch (collectively, "Hirsch") have agreed, shall apply to all phases of the above-captioned proceeding, and any appeal. This Order is a device to facilitate the discovery process, to allow parties to provide sensitive information which is entitled to protection under The Federal Rules of Civil Procedure in response to discovery requests without fear that this information will somehow become part of the public record. This Confidentiality Order reflects the manner in which "Protected Materials," as that term is defined herein, are to be treated.

      1.      All documents and information furnished subject to the terms of this Order hereinafter shall be referred to as "Protected Materials." Protected Materials include only that information which is provided in response to discovery requests in the form of documents or data, either in hard copy or in electronic form, that is designated by the Producing Party as "CONFIDENTIAL."

2.    "CONFIDENTIAL" Information is information that the Producing Party has *in good faith* reasonably determined should be maintained as confidential, is not generally known to the public, and should be protected from disclosure to third parties.

3.    Protected Materials shall be deemed to include additional copies and notes and information reflecting Protected Materials.  For purposes of this Order, quantitative information that was derived by aggregating quantitative information designated as Protected Materials shall be deemed to reflect Protected Materials.

4.    Responses to any discovery request that contain "CONFIDENTIAL" Information shall be accompanied by a certification from the Producing Party, or its attorney, that to the best of his or her knowledge, information or belief all designations of 'CONFIDENTIAL' Information meet the definitions of Confidential Information at the time of certification and that good cause exists for the treatment of the information as Protected Materials.

5.    Deposition or other testimony may be designated as "Protected Material" by either of the following means:  (i) by stating orally on the record that the information is "CONFIDENTIAL" prior to the giving of such testimony; or (ii) by sending written notice designating information as "CONFIDENTIAL" within seven (7) days after receipt of the deposition transcript.  All information disclosed during a deposition shall be deemed to have been designated "CONFIDENTIAL" until seven (7) days after the transcript has been received, whether or not portions of the transcript have been previously so designated.  Following the expiration of the seven (7) day period, only those portions of the deposition testimony specifically designated as "CONFIDENTIAL" shall be treated as "CONFIDENTIAL."

6.      Where only parts of produced information are claimed to be Protected Material, the party claiming confidentiality shall designate the specific Protected Material for which confidentiality is claimed, and only those parts shall be subject to this Order.

7.      A party may challenge the propriety of a designation of Protected Material as "CONFIDENTIAL" at the time the designation is made or at a subsequent time subject to the following procedure: If, at any time, a party believes that Protected Material designated "CONFIDENTIAL" by the producing party does not, in fact, contain Protected Material or believes that it is necessary to disclose designated information to persons other than those permitted by this Order, the objecting party must first provide the producing party with written notice of its objections, and the producing party shall have five (5) business days after receipt of such written notice to respond to such objections.  The parties shall thereafter engage in a good faith effort amongst themselves to resolve the dispute.  If and when such good faith efforts are exhausted, the producing party may make a written motion to the Court for a protective order as provided by The Federal Rules of Civil Procedure for such Protected Material, certifying that good-faith efforts to resolve the dispute were attempted but failed, and setting forth the reasons that a protective order should issued.  The party that has designated the Protected Material as "CONFIDENTIAL" shall bear the burden of proving that it is entitled to such designation and has made a good-faith designation thereof.  The material in question will continue to bear the "CONFIDENTIAL" designation until a ruling on the dispute is issued by the Court.  If, however, the producing party does not seek a protective order from the Court, the "CONFIDENTIAL" designation shall be deemed null and void automatically on the fourteenth (14th) day after the written notice described above.

5

8.    Protected Materials will be made available by the "Producing Party" only as follows:

To counsel of record for any party, including the paralegals, stenographic and clerical employees utilized by such counsel; the personnel supplied by any independent contractor (including litigation support service personnel) with whom such attorneys work that such counsel deems necessary for the sole purpose of assisting in this proceeding; any outside independent consultant or expert who is assisting counsel or a party to the proceeding to whom counsel determines it is necessary to disclose Protected Materials for the limited purpose of assisting in, or consulting with respect to, the preparation of this proceeding; the Court and any members of their staff to whom it is necessary to disclose the Protected Material for the purpose of assisting it in this proceeding; any reviewing court of competent jurisdiction; and stenographic employees or reporters recording or transcribing testimony relating to the proceeding.  A consultant or expert is "independent" if he or she is not an employee of, and plays no ongoing role in the management of, any party or any competitor thereof, a trade association that represents parties or competitors, or a member of a trade association that is a party.  This material may also be disclosed to employees of any party.

9.    Nothing herein shall prevent any counsel of record who has access to Protected Materials in accordance with the Confidentiality Order from utilizing Protected Materials in discussions with, or the examination or cross-examination of, any person, or the employee of any such person, who is indicated on the document or otherwise established as being an author, source, or recipient of the Protected Materials, irrespective of which party produced such information, or of any person in connection with whose testimony the Protected Materials were produced.

10.    Notwithstanding any other provisions hereof, nothing herein shall restrict any party's counsel who has access to Protected Materials in accordance with this Confidentiality Order from rendering advice to its clients with respect to this proceeding and, in the course thereof, relying upon Confidential Information, provided that in rendering such advice, counsel shall not disclose any other party's Confidential Information other than in a manner provided for in this Confidentiality Order.

11.    Prior to receiving a copy of or inspecting any Protected Materials from a Producing Party, each Reviewing Party who is a consultant or expert shall first complete and sign a copy of the appropriate certificate attached hereto agreeing to be bound by the terms of the Order.  A corporation or non-profit membership association may sign through an officer or authorized agent; a partnership or professional corporation may sign through a member or authorized agent; and a sole proprietorship may sign through the proprietor or authorized agent. The signature of one authorized representative of such an entity shall suffice to bind each member and employee of that party to the terms of the Order, including other professional and support staff.

12.    All Protected Materials, including the Reviewing Party's notes or other information reflecting Protected Materials, shall be treated confidentially by the Reviewing Party, using a reasonable standard of care, but no less than the same degree of security used to protect Protected Materials belonging to the Reviewing Party; shall not be disclosed or made available in any way except as provided herein, and shall be used by a Reviewing Party solely for the purpose of this proceeding.  Protected Materials and information reflecting the same shall not be placed in the public or general files of a Reviewing Party except in accordance with provisions of this Confidentiality Order.

13.     If a Reviewing Party tenders for filing any written testimony, exhibit, brief, or other submission that includes, incorporates, or refers to Protected Materials, all portions thereof that disclose the contents of such materials shall be served on the other parties in this proceeding in sealed envelopes or other appropriate containers endorsed to the effect that they contain Protected Material pursuant to this Confidentiality Order.  Every page of such documents shall be marked **"CONFIDENTIAL - Subject to Confidentiality Order in Great Northern v. Hirsch, Case No. 1:07-cv-01804,"** and shall be served under seal only upon authorized Reviewing Parties.  Reviewing Parties shall take all reasonable precautions necessary to ensure that Protected Materials are not distributed to unauthorized persons.

14.     If any Reviewing Party desires to include, utilize, or refer to any Protected Materials in testimony or exhibits during a hearing in such a manner that might require disclosure of such material in open court, it shall timely inform the Court and other counsel of such intention, and shall not refer to the contents of such Protective Material in open court without an agreement between the parties or a ruling by the Court regarding the manner in which such Protective Material will be used in open court.

15.     Prior to trial, the parties shall seek from the Court an order setting forth the appropriate procedure for use at or during the course of the trial of Protected Material designated as "Confidential" pursuant to this Order and any subsequent protective order.

16.     If a party in possession of Protected Material receives a subpoena from a nonparty seeking production or other disclosure of Protected Material, except as required by law, he or she shall immediately give written notice to counsel for the party or non-party who designated the material as "CONFIDENTIAL," identifying the material sought and enclosing a copy of the

subpoena.  Where possible, at least seven (7) days' notice before production or other disclosure

shall be given.  In no event shall production or disclosure be made before written notice is given

and actually received, unless a court order or law requires earlier production.

     Entered this _____ day of _____, 2008.


_____

The Honorable Emmet G. Sullivan

## CERTIFICATE OF SERVICE

I hereby certify that, on this the 25st day of August, 2008, I caused the foregoing to be filed using the Court's Electronic Case Filing (ECF) system, which will automatically send notice of such filing to counsel of record in this case.

                                                  _/s/ Carrie F. Apfel_

                                                  Carrie F. Apfel
                                                  D.C. Bar No. 974342
                                                  JENNER & BLOCK, LLP
                                                  1099 New York Ave, NW, Suite 900
                                                  Washington, DC 20001
                                                  (202) 639-6000
                                                  capfel@jenner.com

                                                  ***Attorney for Defendants/Counter-Plaintiffs***
                                                  ***Joel and Carol Hirsch***

UNITED STATES DISTRICT COURT
THE DISTRICT OF COLUMBIA

---------------------------------------------------------------

GREAT NORTHERN INSURANCE COMPANY, )
                                  )
        Plaintiff and Counter-Defendant,    )
                                  )        Case No. 1:07-cv-01804
                                  )
        v.                        )
                                  )
JOEL HIRSCH and CAROL HIRSCH,     )
                                  )
        Defendants and Counter-Plaintiffs.  )

---------------------------------------------------------------

## CONFIDENTIALITY ORDER

Plaintiff Great Northern Insurance Co. ("Great Northern") and defendants Joel and Carol

Hirsch (collectively, "Hirsch") hereby enter into this Confidentiality Order which shall apply to

all phases of the above-captioned proceeding, and any appeal. It is a device to facilitate the

discovery process, to allow parties to provide sensitive information which is entitled to

protection under The Federal Rules of Civil Procedure in response to discovery requests without

fear that this information will somehow become part of the public record. This Confidentiality

Order reflects the manner in which "Protected Materials," as that term is defined herein, are to be

treated.

      1.     All documents and information furnished subject to the terms of this Order

hereinafter shall be referred to as "Protected Materials." Protected Materials include only that

information which is provided in response to discovery requests in the form of documents or data,

either in hard copy or in electronic form, that is designated by the Producing Party as

"CONFIDENTIAL."

2.    "CONFIDENTIAL" Information is information that the Producing Party has *in good faith* reasonably determined should be maintained as confidential, is not generally known to the public, and should be protected from disclosure to third parties.

3.    Protected Materials shall be deemed to include additional copies and notes and information reflecting Protected Materials.  For purposes of this Order, quantitative information that was derived by aggregating quantitative information designated as Protected Materials shall be deemed to reflect Protected Materials.

4.    Responses to any discovery request that contain "CONFIDENTIAL" Information shall be accompanied by a certification from the Producing Party, or its attorney, that to the best of his or her knowledge, information or belief all designations of 'CONFIDENTIAL' Information meet the definitions of Confidential Information at the time of certification and that good cause exists for the treatment of the information as Protected Materials.

5.    Deposition or other testimony may be designated as "Protected Material" by either of the following means:  (i) by stating orally on the record that the information is "CONFIDENTIAL" prior to the giving of such testimony; or (ii) by sending written notice designating information as "CONFIDENTIAL" within seven (7) days after receipt of the deposition transcript.  All information disclosed during a deposition shall be deemed to have been designated "CONFIDENTIAL" until seven (7) days after the transcript has been received, whether or not portions of the transcript have been previously so designated.  Following the expiration of the seven (7) day period, only those portions of the deposition testimony specifically designated as "CONFIDENTIAL" shall be treated as "CONFIDENTIAL."

6.      Where only parts of produced information are claimed to be Protected Material, the party claiming confidentiality shall designate the specific Protected Material for which confidentiality is claimed, and only those parts shall be subject to this Order.

7.      A party may challenge the propriety of a designation of Protected Material as "CONFIDENTIAL" at the time the designation is made or at a subsequent time subject to the following procedure: If, at any time, a party believes that Protected Material designated "CONFIDENTIAL" by the producing party does not, in fact, contain Protected Material or believes that it is necessary to disclose designated information to persons other than those permitted by this Order, the objecting party must first provide the producing party with written notice of its objections, and the producing party shall have five (5) business days after receipt of such written notice to respond to such objections.  The parties shall thereafter engage in a good faith effort amongst themselves to resolve the dispute.  If and when such good faith efforts are exhausted, the producing party may make a written motion to the Court for a protective order as provided by The Federal Rules of Civil Procedure for such Protected Material, certifying that good-faith efforts to resolve the dispute were attempted but failed, and setting forth the reasons that a protective order should issued.  The party that has designated the Protected Material as "CONFIDENTIAL" shall bear the burden of proving that it is entitled to such designation and has made a good-faith designation thereof.  The material in question will continue to bear the "CONFIDENTIAL" designation until a ruling on the dispute is issued by the Court.  If, however, the producing party does not seek a protective order from the Court, the "CONFIDENTIAL" designation shall be deemed null and void automatically on the fourteenth (14th) day after the written notice described above.

3

8.      Protected Materials will be made available by the "Producing Party" only as follows:

To counsel of record for any party, including the paralegals, stenographic and clerical employees utilized by such counsel; the personnel supplied by any independent contractor (including litigation support service personnel) with whom such attorneys work that such counsel deems necessary for the sole purpose of assisting in this proceeding; any outside independent consultant or expert who is assisting counsel or a party to the proceeding to whom counsel determines it is necessary to disclose Protected Materials for the limited purpose of assisting in, or consulting with respect to, the preparation of this proceeding; the Court and any members of their staff to whom it is necessary to disclose the Protected Material for the purpose of assisting it in this proceeding; any reviewing court of competent jurisdiction; and stenographic employees or reporters recording or transcribing testimony relating to the proceeding. A consultant or expert is "independent" if he or she is not an employee of, and plays no ongoing role in the management of, any party or any competitor thereof, a trade association that represents parties or competitors, or a member of a trade association that is a party. This material may also be disclosed to employees of any party.

9.      Nothing herein shall prevent any counsel of record who has access to Protected Materials in accordance with the Confidentiality Order from utilizing Protected Materials in discussions with, or the examination or cross-examination of, any person, or the employee of any such person, who is indicated on the document or otherwise established as being an author, source, or recipient of the Protected Materials, irrespective of which party produced such

4

information, or of any person in connection with whose testimony the Protected Materials were

produced.

10.    Notwithstanding any other provisions hereof, nothing herein shall restrict any

party's counsel who has access to Protected Materials in accordance with this Confidentiality

Order from rendering advice to its clients with respect to this proceeding and, in the course

thereof, relying upon Confidential Information, provided that in rendering such advice, counsel

shall not disclose any other party's Confidential Information other than in a manner provided for

in this Confidentiality Order.

11.    Prior to receiving a copy of or inspecting any Protected Materials from a

Producing Party, each Reviewing Party who is a consultant or expert shall first complete and

sign a copy of the appropriate certificate attached hereto agreeing to be bound by the terms of the

Order.  A corporation or non-profit membership association may sign through an officer or

authorized agent; a partnership or professional corporation may sign through a member or

authorized agent; and a sole proprietorship may sign through the proprietor or authorized agent.

The signature of one authorized representative of such an entity shall suffice to bind each

member and employee of that party to the terms of the Order, including other professional and

support staff.

12.    All Protected Materials, including the Reviewing Party's notes or other

information reflecting Protected Materials, shall be treated confidentially by the Reviewing Party,

using a reasonable standard of care, but no less than the same degree of security used to protect

Protected Materials belonging to the Reviewing Party; shall not be disclosed or made available in

any way except as provided herein, and shall be used by a Reviewing Party solely for the

purpose of this proceeding. Protected Materials and information reflecting the same shall not be placed in the public or general files of a Reviewing Party except in accordance with provisions of this Confidentiality Order.

13.    If a Reviewing Party tenders for filing any written testimony, exhibit, brief, or other submission that includes, incorporates, or refers to Protected Materials, all portions thereof that disclose the contents of such materials shall be served on the other parties in this proceeding in sealed envelopes or other appropriate containers endorsed to the effect that they contain Protected Material pursuant to this Confidentiality Order. Every page of such documents shall be marked **"CONFIDENTIAL - Subject to Confidentiality Order in Great Northern v. Hirsch, Case No. 1:07-cv-01804,"** and shall be served under seal only upon authorized Reviewing Parties. Reviewing Parties shall take all reasonable precautions necessary to ensure that Protected Materials are not distributed to unauthorized persons.

14.    If any Reviewing Party desires to include, utilize, or refer to any Protected Materials in testimony or exhibits during a hearing in such a manner that might require disclosure of such material in open court, it shall timely inform the Court and other counsel of such intention, and shall not refer to the contents of such Protective Material in open court without an agreement between the parties or a ruling by the Court regarding the manner in which such Protective Material will be used in open court.

15.    Prior to trial, the parties shall seek from the Court an order setting forth the appropriate procedure for use at or during the course of the trial of Protected Material designated as "Confidential" pursuant to this Order and any subsequent protective order.

16.     If a party in possession of Protected Material receives a subpoena from a nonparty seeking production or other disclosure of Protected Material, except as required by law, he or she shall immediately give written notice to counsel for the party or non-party who designated the material as "CONFIDENTIAL," identifying the material sought and enclosing a copy of the subpoena.  Where possible, at least seven (7) days' notice before production or other disclosure shall be given.  In no event shall production or disclosure be made before written notice is given and actually received, unless a court order or law requires earlier production.


August 23, 2008                    GREAT NORTHERN INSURANCE CO.

                                   KORNSTEIN VEISZ WEXLER & POLLARD, LLP

                                   By  *William B. Pollard, III*
                                       William B. Pollard, III
                                       D.C. Bar No. 947275
                                   David T. McTaggart (*pro hac vice*)
                                   757 Third Avenue
                                   New York, NY 10017
                                   (212) 418-8600

                                       -- and --

                                   Karen Ventrell
                                   D.C. Bar No. 466150
                                   DIXON & BELL, LLP
                                   2001 K Street, NW
                                   Washington, DC 20006
                                   (202) 662-2000
                                   *Attorneys for Plaintiff/Counter-Defendant*
                                   *Great Northern Insurance Co.*

7

August _05_, 2008                    Joel and Carol Hirsch


                                     JENNER & BLOCK, LLP
                                     By _____
                                     Lorelie S. Masters
                                     D.C. Bar No. 358686
                                     Carrie F. Apfel
                                     D.C. Bar No. 974342
                                     1099 New York Ave, NW, Suite 900
                                     Washington, DC 20001
                                     (202) 639-6000

                                     ***Attorneys for Defendants/ Counter-Plaintiffs***
                                     ***Joel and Carol Hirsch***

8

**Exhibit A**

## UNITED STATES DISTRICT COURT
## THE DISTRICT OF COLUMBIA

-----------------------------------------------------------------

GREAT NORTHERN INSURANCE COMPANY, )
)
Plaintiff and Counter-Defendant,    )
)    Case No. 1:07-cv-01804
)
v.                                  )
)
JOEL HIRSCH and CAROL HIRSCH,       )
)
Defendants and Counter-Plaintiffs  )

-----------------------------------------------------------------

## NON-DISCLOSURE CERTIFICATE/CONFIDENTIAL MATERIAL

I certify my understanding that access to certain Protected Materials in the above-caption proceeding is provided to me and any firm designated below pursuant to the terms and restrictions of the Confidentiality Order entered into between Great Northern and Joel and Carol Hirsch, that I have been given a copy of and have read the Confidentiality Order, that I and any firm designated below qualify to have access to Confidential Material as described in the Confidentiality Order, and that I and any firm designated below agree to be bound by that Order. I understand that the contents of the Protected Materials, and any notes, memoranda, or any other form of information reflecting the Protected Materials, shall not be disclosed to anyone other than in accordance with the Confidentiality Order, and shall be used only for the purpose of the above-captioned proceeding. I further understand that I shall return or destroy such Protected Materials as provided by the Confidentiality Order and that a violation of this certificate constitutes a violation of an order of the District Court of the District of Columbia. If an

9

"Organization' is identified below, I represent that I am authorized by that organization to make

the above representations and understandings on its behalf.

By:_____

PRINT NAME:_____

Title:_____

Organization:_____

Party Represented:_____

Date:_____